EDWARD LYNCH *v.* T. P. LEATHERS, et al.

Article 2199 of the Civil Code applies when there is a solidarity as between the co-debtors; and can only be invoked when a creditor, by discharging one, deprives the co-debtor of his recourse upon the one discharged.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J. *L. Madison Day* for plaintiff and appellant. *Roselius & Philips* for defendant Leathers.

HOWELL, J. Plaintiff instituted this action to recover a balance due him for work and labor on a building erected for the defendant Leathers. He alleges that, as contractor or master builder, the defendant, Day, erected a dwelling for Leathers, and employed him, plaintiff, to do the painting, glazing, etc., for which he received part payment from Day; and he asks for judgment against the defendants *in solido,* with privilege on said building. To this Leathers filed a separate answer, pleading a general denial, averring that he made no contract with plaintiff; that no attested account was served on him, as required by law; and that he owes Day, the contractor, nothing. The defendant Day made no appearance. Plaintiff filed a supplementary petition, setting forth that, in the construction of said building, the defendant Day acted simply as the agent of Leathers, and did not disclose his principal, and renewed the prayer of his original petition; to which Leathers answered by a general denial.

During the trial, the following document was introduced:

"By agreement between Edward Lynch and Wm. K. Day, it is contracted that Wm. K. Day shall, and he does now, transfer to Edward Lynch all claim he may have against Captain Leathers, on account of work done on the house of Leathers by Edward Lynch; and the said Edward Lynch *hereby releases* Wm. K. Day from all liability, on account of work done by him on the house of Captain Leathers. New Orleans, May 1st, 1860. (Signed) A. T. Steele, attorney for Lynch. Wm. K. Day."

The defendant Leathers contends that this operated as a release in his favor likewise, and relies on Article 2199 C. C., which provides that: "The remission or conventional discharge in favor of one of the co-debtors, discharges all the others, unless the creditor has expressly reserved his right against the latter. In the latter case, he cannot claim the debt without making a deduction of the part of him to whom he has made the remission."

This article applies where there is a solidarity as between the co-debtors, and can be invoked only when a creditor, by discharging one, deprives the co-debtor of his recourse upon the one discharged. But, in this case, the defendant, Leathers, under the amended pleadings and the evidence, could have no recourse against Day for any amount, if compelled to pay plaintiff's claim, as Day is shown to have acted as his agent in superintending the construction of the building. At the time

of employing plaintiff he failed to disclose his real capacity; but the latter, in an amended petition, has set it forth, and the defendant, Leathers, has urged no objection to such course of action.

We are of opinion that, under the pleadings and evidence as before us, the defendant is liable to plaintiff for the work and labor of the latter on his house.

It is therefore ordered, adjudged and decreed, that the judgment of the District court be avoided and reversed, and that plaintiff, Edward Lynch, recover of defendant, T. P. Leathers, the sum of six hundred and sixty-four dollars, with legal interest from April 4, 1860, and costs in both courts.