CULPEPPER, Judge.
In this tort action, the plaintiffs, Ivan Dale Martin, et al., seek damages for the deaths of their father and mother, Mr. and Mrs. Frank Howard Martin, who were killed when their car was struck from the rear by a truck being driven by an employee of Willie Lormand Company on March 20, 1960, near Opelousas, Louisiana. The only defendants named by plaintiffs were Willie Lormand Company and its liability insurer, Central Casualty Company. The said defendants filed a third party petition seeking to implead as a third-party defendant, The Insurance Company of the State of Pennsylvania, which is alleged to be the liability insurer of the deceased, Frank Howard Martin, driver of the car. In said third party petition the defendants allege that the deceased driver, Frank Howard Martin, was guilty of contributory negligence proximately causing the accident, and that he was therefore a joint tort feasor, whose insurer is liable in solido with defendants for the alleged damages. Defendants seek to implead said third party defendant under the provisions of LSA-Civil Code Art. 2103 as amended by Act 30 of 1960 which took effect January 1, 1961 and reads as follows:
“Liability of debtors among themselves
“Art. 2103. When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.
“A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff. (As amended Acts 1960, No. 30, § 1.)”
The third party defendant, The Insurance Company of the State of Pennsylvania, filed a motion for summary judgment to dismiss defendant’s third party petition on the grounds that the said third party defendant was not named as a party defendant by the *288 plaintiffs, Ivan Dale Martin, et al., and that under the laws and jurisprudence which existed at the time of the accident on March 20, I960, one joint tort feasor, who was sued alone, could not call in another joint tort feasor, who had not been sued, in an effort to seek contribution. The third party defendant contends that Act 30 of 1960, amending Civil Code Art. 2103, and effective as of January 1, 1961, made a change in the substantive law of this state so as to allow, for the first time, a party named as a defendant, to seek contribution from his joint tort feasor by making said joint tort feasor a third party defendant in the suit, “whether or not the third party defendant was sued by the plaintiff initially * * * »t The third party defendant argues that since said change in the law was substantive in nature, rather than procedural, it cannot be given retroactive effect.
From a judgment of the district court granting the motion for summary judgment and dismissing the third party demand against The Insurance Company of the State of Pennsylvania, the defendants, Central Casualty Company and Willie Lormand Company, have taken this appeal.
The sole issue presented by this appeal is whether the 1960 amendment to Civil Code Art. 2103 was remedial legislation, effecting a change in procedural law, and therefore retroactive in effect, or whether it changed the substantive law, in which event it does not apply retroactively and did not affect the substantive rights of the parties which became vested as of the date of the accident on March 20, 1960.
This identical issue has been decided by this Court in the case of Brown v. New Amsterdam Casualty Company (Hartford Accident and Indemnity Company), bearing No. 427 on our docket, 136 So.2d 283 and in which a separate opinion is being rendered this date. For the reasons assigned therein, it is our opinion that the 1960 amendment to Civil Code Art. 2103 effected a change in the substantive law, rather than merely procedural law, and that therefore defendant’s third party petition in the instant case was properly dismissed. See also Manuel v. Carolina Casualty Ins. Co. et al., No. 350 on our docket, La.App., 136 So.2d 275, decided this date on the same issue.
For the reason? assigned the judgment appealed from is affirmed. All costs of this appeal are assessed against the defendant, Central Casualty Company and Willie Lor-mand Company.
Affirmed.