163 So.2d 915 (1964)
Woodson HARVEY et al., Plaintiffs and Appellees,
v.
The TRAVELERS INSURANCE COMPANY et al., Defendants and Appellants.
No. 1114.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1964.
Rehearing Denied May 27, 1964.
*917 Stafford & Pitts, by Joohn L. Pitts, Alexandria, for defendants-appellants.
Gravel, Sheffield & Fuhrer, by Leonard Fuhrer, Alexandria, for plaintiff-appellee.
T. C. McLure, Jr., Alexandria, for defendant-third-party plaintiff-appellee.
Long & Sleeth, by Lewis R. Sleeth, Jena, for third-party defendant-appellee.
Before CULPEPPER, FRUGE and HOOD, Judges.
HOOD, Judge.
This is an action to recover damages for injuries sustained by Joseph Woodson Harvey in an automobile accident which occurred on a public highway in Rapides Parish on November 24, 1961. The suit was instituted by the said Joseph Woodson Harvey, who was a minor when the accident occurred but has now reached the age of majority, and by his father, Woodson Harvey. The injured plaintiff claims damages in the sum of $205,750.00 for his injuries, and his father seeks to recover $4,846.67 for medical expenses incurred by him while his son was still a minor.
Plaintiffs allege that at the time the accident occurred young Harvey was riding as a guest passenger in an automobile being driven by James C. Downs, that the Downs car collided with the rear of a truck owned by Davidson Sash & Door Company, Inc., and that the accident was caused by the negligence of the drivers of both vehicles. This suit was instituted against Lumbermens Mutual Casualty Company, as the public liability insurer of the driver of the Downs car, and against Davidson Sash & Door Company and its public liability insurer, Travelers Insurance Company.
Lumbermens filed an answer denying any negligence on the part of its insured, Downs, alleging that another car driven by George E. Vercher was also involved, and further alleging that the accident was caused solely by the negligence of Vercher and the driver of the Davidson truck. Lumbermens also filed a third party action against Vercher, Davidson and Travelers, demanding that in the event plaintiffs recover from Lumbermens judgment be rendered in favor of the latter and against said third party defendants for "a pro-rata amount of any recovery allowed to the original plaintiffs."
After this answer and third party action had been filed, Lumbermeans (and its insured) entered into a compromise agreement with the original plaintiffs, the Harveys, under the terms of which Lumbermens paid plaintiffs the sum of $16,500.00 in full settlement of all claims which plaintiffs have or may have against Lumbermens or its insured for damages as a result of that accident. The written compromise agreement specifically stipulates that: (1) the payees reserve all rights and causes of action which they may have against other persons as a result of the accident, and particularly against Davidson, the driver of the Davidson truck, and Travelers; (2) the payees must dismiss this suit against Lumbermens; and (3) the payees agree to indemnify the payors and to hold them harmless from further damages, and to reimburse said payors for any other claims which they may be condemned by judgment to pay as a result of said accident and the further prosecution of plaintiffs' claim against other parties. After that compromise agreement was entered into, and pursuant to its provisions, plaintiffs dismissed this suit as to Lumbermens.
After the suit had been dismissed as to that defendant, Davidson and Travelers, who had previously filed an answer, filed and amended answer and a third party demand against Lumbermens. In this amended pleading these defendants allege that the compromise agreement entered into between *918 plaintiffs and Lumbermens did not have the effect of depriving Davidson and Travelers of their right to contribution from Lumbermens in the event Davidson and Travelers are held liable to the plaintiffs. They demand, therefore, that Lumbermens be brought back into this action in order that its solidary liability may be judicially determined, and that in the event either Davidson or Travelers should be held liable to plaintiffs for any amount, "its liability be limited to one-half, or its prorata part, of any award to the plaintiffs, or that judgment be rendered in favor of these defendants over and against the said Lumbermens Mutual Casualty Company for one-half of any award to plaintiffs herein."
In response to this third party petition Lumbermens filed an exception of no cause of action, a plea of res judicata, a plea of compromise and a motion for summary judgment. After hearing, the trial court rendered judgment in favor of Lumbermens, and against Davidson and Travelers, granting the motion for summary judgment, rejecting the third party demands of Davidson and Travelers against Lumbermens, and dismissing the third party action against Lumbermens with prejudice. Davidson and Travelers have appealed from that judgment.
Lumbermens contends that the compromise settlement entered into between it and plaintiffs has the effect of relieving Lumbermens completely from any futher liability to plaintiffs, and that it also relieves Lumbermens from the obligation to contribute to any other joint tort-feasor, particularly since plaintiffs agreed to indemnify or reimburse Lumbermens for any other damages which it may be required to pay as a result of the accident. It contends that in view of that settlement Lumbermens cannot be brought back into the suit, that Davidson and Travelers have no cause of action against Lumbermens for contribution, and accordingly, that the third party demand filed by Davidson and Travelers must be dismissed.
Davidson and Travelers, on the other hand, contend that their right to contribution against Lumbermens is a substantive right, and that they cannot be deprived of that right by a compromise settlement or agreement to which Davidson and Travelers were not parties. They contend either (1) that they are entitled to credit for the amount actually paid by Lumbermens, and to recover contribution from the latter for one-half of the amount which they may be condemned to pay to plaintiffs, or (2) that they are entitled to have the plaintiffs' claim reduced by one-half because of the remission by plaintiffs of that portion of the solidary obligation. In any event, however, they contend that Lumbermens must remain as a party to the suit in order that it may be judicially determined whether the driver of the Downs car is a joint tort-feasor, and thus is solidarily liable with Davidson and Travelers to plaintiffs.
The primary issue presented here is whether Lumbermens, because of the compromise agreement entered into between it and plaintiffs, is entitled to summary judgment dismissing the third party action instituted against it by Davidson and Travelers. In order to resolve that issue, however, it is necessary to consider and determine the effect which the compromise agreement had upon the plaintiffs' claim against other alleged joint tort-feasors, and particularly whether it deprives another joint tort-feasor of his right to contribution from the one who has been released. There is no dispute as to the facts, and the legal issue to be determined is res nova in Louisiana.
It is the settled jurisprudence of this State that where the negligence of two persons combines to produce injury to a third, the parties at fault are joint tort-feasors and, as such, are liable in solido to the injured plaintiff. LSA-C.C. Articles 2103 and 2324; Peats v. Martin, La. App. 2 Cir., 133 So.2d 920; Norton v. Argonaut Insurance Company, La.App. 1 Cir., 144 So.2d 249; Quatray v. Wicker, *919 178 La. 289, 151 So.2d 208; Cust v. Item Co., 200 La. 515, 8 So.2d 361; and Reid v. Lowden, 192 La. 811, 189 So. 286.
Article 2103 of the Louisiana Civil Code, as amended by Act 30 of 1960, provides:
"When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.
"A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff. (As amended Acts 1960, No. 30, § 1)."
Prior to the 1960 amendment of Civil Code Article 2103, it was established that one tort-feasor who had been condemned by judgment and who paid that judgment had no right to enforce contribution from other tort-feasors against whom a judgment had not been rendered. Sincer v. Heirs of Bell, 47 La.Ann. 1548, 18 So. 755. Before the amendment of that article, contribution between joint tort-feasors could be enforced only when one tort-feasor was compelled to pay damages which had been awarded by judicial decree against both, in solido. Winford v. Bullock, 210 La. 301, 26 So.2d 822; Aetna Life Ins. Co. v. De Jean, 185 La. 1074, 171 So. 450; Quatray v. Wicker, supra; Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539; Sincer v. Bell, supra; May v. Cooperative Cab. Co., La. App.Orl., 52 So.2d 74; Kahn v. Urania Lumber Company, La.App. 2 Cir., 103 So.2d 476; De Cuers v. Crane Co., La.App.Orl., 40 So.2d 61; Spanja v. Thibodaux Boiler Works, La.App.Orl., 37 So.2d 615; Toye Bros. Yellow Cab Co. v. V-8 Cab Co., La. App.Orl., 18 So.2d 514.
It also was settled before R.C.C. Article 2103 was amended that where the claimant in a tort action entered into a compromise settlement with one joint tort-feasor, reserving his rights against the others, the remaining tort-feasors were entitled, at most, only to a credit of the amount which the claimant had actually received from the first tort-feasor against any award made to the claimant against the others. Peats v. Martin, supra; Wilson v. Scurlock Oil Company, La.App. 2 Cir., 126 So.2d 429 (Cert. denied); Lewis v. Travelers Indemnity Company, La.App. 2 Cir., 81 So.2d 178; and Cudd v. Great American Insurance Company, D.C., 202 F.Supp. 237.
In Kahn v. Urania Lumber Company, supra, which was decided after the Third Party Practice Act (Act 433 of 1954; now LSA-C.C.P. Articles 1031-1040 and 1111-1116) was enacted and before Civil Code Article 2103 was amended in 1960, the court held that the Third Party Practice Act did not change the then established jurisprudence, and that despite that act the right of contribution between joint tort-feasors existed only on behalf of the joint tort-feasor who was compelled to pay damages awarded by judicial decree against both, in solido. In that case the court said:
"* * * there is no substantive law in this State granting or conferring a right upon a joint tort-feasor to contribution from another tort-feasor as such and simply because of such relationship. The right of contribution exists as between them only when they have become solidary obligors as judgment debtors, and then where one has paid the obligation, or a portion thereof, at least, in excess of his pro rata share." (103 So.2d 479).
*920 There is no question but that the Legislature, in amending Civil Code Article 2103 in 1960, intended to overrule legislatively the decision in Kahn v. Urania Lumber Company, supra, and to provide a substantive right to contribution between joint tort-feasors, even though they may not have been decreed by judgment of court to be solidarily liable. See explanatory note by the Honorable Henry G. McMahon to LSA-C.C. Article 2103; Lanier v. T. L. James & Company, La.App. 1 Cir., 148 So.2d 100; Vidrine v. Simoneaux, La.App. 3 Cir., 145 So.2d 400 (Cert. denied); Martin v. Central Casualty Company, La.App. 3 Cir., 136 So.2d 286. Under this article of the Civil Code, as amended, and the Third Party Practice Act (LSA-C.C.P. Articles 1031-1040 and 1111-1116), a tort-feasor may enforce contribution against a cotort-feasor by the use of the third party demand, even though the latter was not initially sued by the plaintiff. Vidrine v. Simoneaux, supra; Breaux v. Texas and Pacific Railway Company, La.App. 1 Cir., 147 So.2d 693.
Article 2203 of the LSA-Civil Code, relating to the remission or conventional discharge of solidary obligations, provides:
"The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.
"In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission." (Emphasis added).
The first paragraph of Article 2203 has been applied to contractual and to delictal solidary debtors alike. Guarisco v. Pennsylvania Casualty Co., 209 La. 435, 24 So. 2d 678; Reid v. Lowden, supra; S. P. Weaver Lumber & Supply Co. v. Ashford, La.App. 2 Cir., 12 So.2d 834. There has been some confusion in our jurisprudence, however, as to the interpretation and application of the second paragraph of that article. With reference to conventional obligations it has been interpreted as meaning that the creditor who settles with one solidary obligor thereby reduces his claim against the others by the proportionate share of the debt owed by the released debtor. See A. Ledoux & Co. v. Rucker, 5 La.Ann. 500; Lynch v. Leathers, 17 La. Ann. 118; and Succession of Daigle, 15 La.Ann. 594. With reference to tort claims, or actions ex delicto, our courts have held, as we have already pointed out, that the claimant in a tort action who has settled with and released one joint tort-feasor is entitled to recover from another tort-feasor the full amount of the debt, subject only to a credit for the amount actually paid in settlement by the first. Cormier v. Traders & General Insurance Company, La.App. 3 Cir., 159 So.2d 746; Peats v. Martin, supra; Wilson v. Scurlock Oil Company, supra; Lewis v. Travelers Indemnity Company, supra; Cudd v. Great American Insurance Company, supra. See also, Comment, "Contribution Among Joint Tort-feasors: Louisiana's Past, Present, and Future," 37 Tulane Law Review, pages 525, 540; Comment, "Solidary Obligations," 25 Tulane Law Review, pages 217, 234; and Comment, "Contribution Among Joint Tort-feasors," 22 Louisiana Law Review, pages 818, 822.
We think the purpose of the 1960 amendment to Civil Code Article 2103 was to equate solidary obligors, whether their obligation arises ex contractu or ex delicto, so that any distinction which may have existed between these two types of solidary obligations before the amendment is now abolished. See Comment, 22 Louisiana Law Review 818; and Comment, 37 Tulane Law Review 525. It seems to us that, consistent with the purpose of abolishing that distinction, the second paragraph of Civil Code Article 2203 must now be applied alike to delictal as well as to contractual solidary obligors.
Our conception of the existing jurisprudence is that a solidary debtor under *921 a conventional obligation, who pays the entire debt to the creditor, becomes legally subrogated to the rights of the creditor against the other solidary obligors for their proportionate part of the debt. See LSA-R.C.C. Articles 2104 and 2161; and Shropshire v. His Creditors, 15 La.Ann. 705; Howe v. Frazer, 2 Rob. 424; Casualty Reciprocal Exchange v. Richey Drilling & Well Service, La.App. 3 Cir., 137 So.2d 127. If the creditor, however, settles with and releases one solidary debtor, he thereafter has no further rights or claims against that debtor to which another party can be subrogated. And, in the event the creditor by his own act deprives one solidary obligor of this right of legal subrogation against another solidary obligor, then the creditor is not entitled to recover from the first debtor the share of the debt owed by the other against whom no right of subrogation remains. A. Ledoux & Co. v. Rucker, supra; Lynch v. Leathers, supra.
The decision of our Supreme Court in A. Ledoux & Co. v. Rucker, supra, was correctly summarized, we think, in a syllabus to that case which reads as follows:
"Where several persons have signed an obligation in solido, they are, inter se, debtors each one for his share. Upon the payment of the whole debt by one of them, that one is entitled to be subrogated to the rights of the creditor against the others; and so far as the creditor has impaired this right of subrogation he is barred from recovering." (5 La.Ann. 500, Emphasis added).
Pothier, in his treatise on obligations (Pothier, A Treatise on the Law of Obligations, translated by William David Evans, Vol. 1, No. 275, page 135), expresses the same view in explaining the rule subsequently adopted as Article 1285 of the French Civil Code which corresponds to Article 2203 of the Louisiana Civil Code, as follows:
"* * * the several debtors would not have bound themselves in solido, but would only have engaged for their own respective parts, if they had not considered, that on paying the whole, they should have recourse against the others, and that for this purpose they would be entitled to a cession of the actions of the creditor for the other parts. It is only under the tacit condition of having this cession of actions, that they are obliged in solido; and consequently the creditor has no right to demand from any of them the payment of the whole, without such cession. In this case, the creditor having put it out of his power to cede his action against the debtor whom he has discharged, and consequently having incapacitated himself from performing the condition upon which he has a right to demand the whole, it follows that he cannot demand the whole from each of them."
Our interpretation of the law relating to conventional obligations, therefore, is that where there are only two solidary obligors, and the creditor settles with and grants a remission as to one of them, reserving his rights against the other, the creditor thereby deprives the remaining obligor of his right to a legal subrogation against the released debtor, and accordingly, the creditor thereafter can claim only one-half the debt from the debtor who has not been released.
The right to enforce contribution among joint tort-feasors is based on the same right to legal subrogation which takes place among solidary debtors under conventional obligations. Since the distinction between the two types of solidary obligations has been erased with the 1960 amendment to Article 2103 of the Civil Code, we think the rules heretofore set out relating to the right to legal subrogation in conventional debts apply also to delictal obligations.
We conclude, therefore, that where the claimant in a tort action settles with *922 and releases one of two joint tort-feasors, reserving all of his rights against the other, the remaining tort-feasor is thereby deprived of his right to enforce contribution against the one who has been released. And, since the claimant by his own act has deprived the unreleased tort-feasor of this right to enforce contribution, he can recover from the latter only one-half of the damages which he sustained.
We find considerable support for this conclusion in Note 8 to Form 791, appearing in Volume 10 of the Louisiana Code of Civil Procedure, where the authors state:
"When an obligee compromises with and releases one of two joint tort-feasors from liability, even though he reserves all rights against the other, the latter is thereby deprived of his right to enforce contribution. Accordingly, any judgment against the tort-feasor who is not released can only be for half of the damages sustained by the obligee. Art. 2203, LSA-CC; Lynch v. Leathers, 1865, 17 La.Ann. 118; and Comment, 22 La.L.Rev. 818, 823, 1962. For this reason, even if this exception would be sustained, the compromise agreement would result in reducing by half the potential judgment against the original defendants, if they can prove negligence on the part of James C. Moorhead, Jr. which contributed proximately to the plaintiff's injuries."
In the instant suit, we conclude that the compromise settlement entered into between plaintiffs and the driver of the Downs car (and his insurer) has the effect of relieving the driver, owner and insurer of the Downs car from any further liability to plaintiffs as a result of this accident, and that it further bars any other party who may be determined to be a joint tort-feasor from enforcing contribution from Downs, or his insurer. If it should be determined on the trial of the merits of this case that the driver of the Downs car and the driver of the Davidson truck were both negligent, and thus that they were joint tort-feasors, then in view of the settlement with and release of the driver of the Downs car (and his insurer) plaintiffs must be decreed to have reduced their claim by one-half, and they would be permitted to recover only one-half of the total amount of their damages from the remaining tort-feasor, Davidson (and its insurer). If it should be determined on a trial of the merits that the driver of the Downs car was not negligent, and thus that he was not a joint tort-feasor, then the settlement entered into between plaintiffs and Downs would not have the effect of reducing plaintiffs' claim against any others who may be determined to be tort-feasors. See Roux v. Brickett, La.App. 3 Cir., 149 So.2d 456.
In our opinion the burden of proof rests upon Davidson and Travelers to establish that the driver of the Downs car was negligent, and thus that he was a joint tort-feasor. The fact that plaintiffs have specifically alleged negligence on the part of the driver of the Downs car may have some important bearing on this burden of proof, there being some question, in view of this allegation, as to whether any additional proof of negligence on the part of Downs is needed at all. That issue, however, is not before us at this time and we express no opinion whatsoever as to what effect these allegations in plaintiffs' petition may have on the type of proof which will be required in the trial of this case on its merits.
Since Davidson and Travelers, however, under no circumstances are entitled to enforce contribution from Lumbermens, as the insurer of the driver of the Downs car, we think the trial judge correctly dismissed the third party action directed against Lumbermens. In our opinion, Davidson and Travelers do not have the right to require that Lumbermens remain as a party to the suit simply because they have alleged, and will endeavor to establish, that Lumbermens' insured is a joint tort-feasor.
*923 For the reasons herein set out, the judgment appealed from is affirmed. All costs of this appeal are assessed to the appellants.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.