HOOD, Judge.
The plaintiff in this tort action claims damages for injuries allegedly sustained by him as a result of a two-car motor vehicle collision. One of the automobiles involved in the collision was being driven by Herman L. Dalfrey, and the other was being driven by James F. Hebert. Plaintiff was riding as a guest passenger in the Dalfrey car when the accident occurred. The suit was instituted against Southern Farm Bureau Casualty Insurance Company, the public liability insurer of the driver of the Dalfrey car.
The defendant answered, and it also filed a third party demand against Audubon Insurance Company, the public liability insurer of the driver of the Hebert car. In this third party action, Southern Farm demands primarily that Audubon be cast for all damages sustained by plaintiff, and alternatively, that judgment be rendered against Audubon for one-half of such damages.
Audubon thereupon filed a motion for summary judgment, demanding that the suit *137 be dismissed as to it. As grounds for that motion, Audubon alleges that it previously-had entered into- a compromise agreement with plaintiff, under the terms of which plaintiff’s claim against Audubon was settled and the latter was granted a full release. After hearing on this motion, a summary judgment was rendered by the trial court dismissing the third party action against Audubon, with prejudice. Southern Farm appealed.
The evidence shows that prior to the filing of this suit a written compromise was entered into between plaintiff and Audubon, under the terms of which the latter paid to plaintiff the sum of $3,500.00 in cash, and in consideration therefor, plaintiff fully released Audubon and its insured from any further liability arising out of the accident. In that agreement plaintiff also agreed that he would not assert a claim against Southern Farm for an amount in excess of its pro rata share of the damages, in the event the court should find both drivers negligent, and that he would hold Audubon harmless from any further claims arising out of that accident.
Southern Farm concedes that in view of the decision which we rendered in Harvey et al. v. Travelers Insurance Company et al., 163 So.2d 915, neither the original plaintiff nor Southern Farm, as third party plaintiff, can obtain judgment against Audubon. It contends, however, that the rule applied in the Harvey case should be changed so as to require “the third party defendant to remain in the suit with the qualification that because of the release secured by it, there would be no further judgment against it by the plaintiff, this right already having been waived by the plaintiff by compromise agreement.” The appellant argues that this change is necessary because “it is questionable whether or not one can legally prove negligence of a party who is not a party to the suit in question.”
We find no merit to this argument. Although Southern Farm raises a question as to whether one “can legally prove negligence” of a person who is not a party to the suit, no law or rule of procedure has been pointed out to us which would prevent it from attempting to do so. If .Southern Farm, by that argument, means that it might be difficult to prove negligence on the part of a person who is not a party to the suit, then in response to such an argument, it may be asserted with equal logic that it should be easier for it to prove negligence on the part of a person who is not a party to the suit than to do so against one who is a party and who thus would be compelled to appear and defend the action.
Since neither the plaintiff nor the third party plaintiff can recover against Audubon in this case, we think the latter is entitled to have the suit dismissed as to it.
Southern Farm argues alternatively that the judgment rendered by the trial court should be amended to reserve to Southern Farm, as the third party plaintiff, any rights which it has to prove negligence on the part of the third party defendant (or on the part of Audubon’s insured), or to receive credit for the settlement in the event the court finds both parties to be joint tort-feasors.
We think such an amendment is unnecessary. In the Harvey case, supra, we specifically recognized that the defendant in a tort action, in order to reduce his own liability, has the right to show that the accident was caused solely or partially by the negligence of a joint tort-feasor, even though the latter is not a party to the suit and plaintiff’s claim against that tort-feasor has been settled by compromise. In this case, Southern Farm clearly has the right to introduce evidence tending to .show that Audubon’s insured was a joint tort-feasor, and no amendment of the judgment appealed from is necessary to give it that right.
In our opinion, the summary judgment rendered by the trial court, dismissing this suit as to Audubon, is correct.
*138 For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant. '
Affirmed.