TUCKER, Judge.
There are four actions here which arose out of the same set of facts involving a two-automobile accident and were consolidated for trial. The consolidated actions will be considered together and separate judgments will be rendered.
Early in the morning of February 25, 1969, some time after 2:00 A.M., a collision occurred between a 1965 Ford owned by Eseray Veal and being driven by her husband Gilbert Veal, with Eddie Thomas as a passenger, and a 1967 Ford belonging to Lise M. Hotard of Metarie, La., and being driven by her with two passengers James Ratley and Robert Graham. At the time of the accident which occurred near the intersection of U.S. Highway 61 (Airline Highway) and Interstate Highway 1-12, Miss Hotard was attempting to locate the entrance to the Holiday Inn South, situated in the northwest quadrant of the aforementioned intersection. The atmosphere was extremely foggy and visibility extremely limited at that time. Instead of turning into the Holiday Inn parking lot or into the service road leading to it, Miss Hotard, disoriented and having lost her way due to poor visibility, took the approach ramp connecting Highway 61 with Interstate 1-12. She had been following a white stripe in the highway, but lost it, and continued in a southwesterly direction onto Interstate 1-12 at the rate of about 5 miles per hour. Instead of continuing in a more or less parallel route, westerly from the approach ramp, Miss Hotard evidently attempted to turn around on Interstate 1-12 or to cross it, and came to rest with her *329 automobile pointed south, athwart two westbound lanes of traffic on Interstate 1-12. Meanwhile Gilbert Veal, driving his wife’s automobile, had just circled onto the Interstate 1-12 over-pass and headed in a westerly direction on it, at a speed estimated by him to be 35 miles per hour. He did not see the Hotard vehicle in the dense fog until it was too late to avoid hitting it, which he did, although he applied his brakes, striking the automobile broadside and causing serious injuries to himself, Lise Hotard, Eseray Veal, and Eddie Thomas.
Four actions arose out of this collision which were consolidated for trial in the lower court with various judgments to be set forth below. Appeals were taken to this court from the various judgments of the lower court and will be treated suit by suit. Basic to all of these suits and the appeals therefrom is a determination of the negligence of the two drivers involved in the collision.
The primary causátive factor for the collision was found to be the very dense fog prevailing at the time of the accident. Miss Hotard and her two companions testified that they could hardly see beyond the hood of the automobile. The investigating officer stated that it was “very, very foggy,” and that he could see only 35 or 40 feet or less. Without finding it necessary to review in detail all the evidence the trial court judge found Miss Hotard negligent in situating her car in a place of danger to herself and to her passengers, and that her negligence was a proximate cause of the collision. This court concurs in the finding of the lower court with regard to the negligence of Miss Hotard and in the conclusion that it was a proximate cause of the collision.
The question of the negligence of Gilbert Veal is more complicated. Eseray Veal, his wife, who was a passenger in the automobile at the time of the collision was asleep. The other passenger, Eddie Thomas, had died of causes unrelated to the accident, by the time of the trial. Gilbert Veal’s testimony, therefore, is the only testimony available regarding the operation of the Veal vehicle. Gilbert Veal testified that he was proceeding at a rate of 35 miles per hour. An expert witness estimated the rate of speed of the Veal vehicle to have been at least 45 miles per hour, because of the 25 feet braking distance. Further evidence of the speed of the Veal vehicle is the fact that it traveled 30 feet beyond the point of impact and knocked Miss Hotard’s automobile 50 feet beyond the point of impact. The lower court did not find it necessary to make a determination as to Gilbert Veal’s rate of speed, however. Veal stated that he could see 35 meters, or approximately 114 feet, despite the dense fog, and that he did see the Ho-tard vehicle, but thought that it was stopped. (Tr. 42)
The lower court distinguished this case from Vowell v. Manufacturers Casualty Insurance Company, 229 La. 798, 86 So.2d 909 (1956), urged by counsel for Gilbert Veal as applicable in the instant case, wherein it was held that a motorist driving at night is not charged with the duty of guarding against striking an unexpected or unusual obstruction which he had no reason to anticipate that he would encounter on the highway. The trial court found the facts of Hernandez v. State Farm Mutual Automobile Insurance Company, 192 So.2d 679 (La.App.3d Cir. 1966) much more analogous to the present case. It further found that an automobile athwart the highway, the lights of which were not visible to approaching vehicles did not constitute such an unusual or extraordinary circumstance as to excuse Gilbert Veal from failing to reduce his speed to a rate at which he could maintain control over his vehicle while his visibility was so greatly impaired by the dense fog. The lower court found that Gilbert Veal was negligent, and that his negligence also was a proximate cause of the collision. This court can find no manifest error in this determination, which will be explained in further detail below.
*330 In the suit of Gilbert Veal and Eseray Veal versus Lise M. Hotard and her insurer, Lumbermen’s Mutual Insurance Company, Docket No. 133,021 of the Nineteenth Judicial District Court, Docket Number 8641 of this court, the negligence of Gilbert Veal barred his recovery in the lower court for his own injuries and for the expenses incurred in connection therewith by him and on account of his wife. The plaintiff Gilbert Veal appealed from this decision, alleging error by the trial court in its finding of contributory negligence on the part of Gilbert Veal. He argued that his estimated speed of 35 miles per hour was not excessive under the circumstances and that the Hotard automobile constituted an unexpected obstruction on the highway which he had no obligation to anticipate and which he could not avoid hitting, although he braked as soon as he saw it.
The lower court gave little credence to the expert testimony of Ray Herd to the effect that Gilbert Veal’s speed at the time of the accident was in excess of his own estimate; that it was 45 to 50 miles per hour. Nor does this court find it necessary to determine Gilbert Veal’s exact speed, but finds it was far in excess of that advisable under the abnormal atmospheric conditions attested to by all the witnesses. The Plaintiff alone, of all the witnesses, testified to a visibility of 35 meters, or approximately 114 feet. Assuming that Gilbert Veal did possess such unusual vision on the foggy night in question, his speed was still too great to permit him to stop and avoid hitting unexpected objects, which he could well anticipate on such an extremely bad night. We opine that Veal’s counsel in his appellate memorandum confirms the fact that his speed was excessive under the circumstances. He pointed out that Trooper Lambert measured the skid marks of the Veal automobile prior to the impact at 25 feet, without indicating whether or not he substracted the wheel base of the Veal vehicle to determine the actual length of the skid.
The conclusion to be drawn from counsel’s argument which is most obvious to this court is that Gilbert Veal should have reduced his rate of speed considerably more than he did, when he found himself on 1-12, at night, in a dense fog. Even if he could see 114 feet ahead, he could not possibly brake and stop his automobile in time to avoid accidents, as the unfortunate events of this case well illustrate.
Gilbert Veal’s counsel cites in his support the recent case of Craker v. Allstate Insurance Company, 259 La. 578, 250 So.2d 746 (1971). This case puts to rest at last the old, much-criticized jurisprudential rule of “assured dear distance”. The case offers Gilbert Veal little comfort, however; for it adopts as a standard of care for the nighttime driver “the broad requirement of reasonableness”. This court finds that even under the latest expression of the Supreme Court, which requires “reasonableness” for nighttime drivers, the finding of the lower court that Gilbert Veal was contributorily negligent and proximately caused the accident in question was correct and will be upheld. Gilbert Veal was driving unreasonably fast under all the circumstances of the case, at the time of the collision with the Hotard vehicle. He will not be allowed to recover for his own injuries or for those expenses incurred by him for his wife.
The United States of America through the Department of the Army intervened in the lower court seeking recovery for the $955.25 medical expenses which it had expended for Eseray Veal and asking to be subrogated to the rights of plaintiffs against defendants. For the reasons given above setting forth the contributory negligence of Gilbert Veal the judgment of the lower court dismissing the United States of America intervention will be affirmed at its cost.
Prior to the date of the trial Eser-ay Veal settled her claim against Lise Ho-tard and Lumbermen’s Mutual Casualty *331 Company for the sum of $7,500.00 for her bodily injuries and $995.00 for property damage to her automobile which was the one driven by Gilbert Veal at the time of the collision. She reserved all rights against any other persons who might be found guilty of negligence proximately causing the accident in question and the resulting injuries and damage.
Defendant Lumbermen’s Mutual Casualty Company, however, filed a third party petition in the lower court, in addition to its original answer setting forth the contributory negligence of Gilbert Veal and seeking contribution from Gilbert Veal and his insurer, Dixie Auto Insurance Company, as co-tort-feasors, under C.C. Arts. 2103 and 2166, for one-half any amount which might be awarded Eseray Veal by the court.
In another suit which will be discussed below, Eseray James Veal versus United Distributors, Inc., Docket No. 8643 of the Court of Appeal, the lower court in its reasons for judgment appraised the damages suffered by Eseray Veal at $16,000 for personal injuries and $995.00 for damages to her automobile. The trial Court noted that the limitation of the insurance under the Dixie Auto Ins. policy was $5,000.00 for each person, and denied Lumbermen’s request for contribution.
From this judgment dismissing its third party petition Lumbermen’s appealed to this Court, alleging that it should have been allowed to share with Eseray Veal in Dixie’s policy limits of $5,000.00 to the extent of its pro rata share, and that it should have had full contribution from Gilbert Veal. It should be noted here that the Dixie policy also provided for $5,000.00 property damage, and $10,000 bodily injury coverage per accident.
In his supplemental oral reasons for judgment the judge of the lower court made it clear that he considered that Lumbermen’s Mutual Casualty Company had settled with Eseray Veal for what it considered to be its virile share of the solidary liability. He pointed out that Lumbermen’s actually sustained a slight benefit in that it settled with Eseray Veal for $7,500, when the court found her claim to be worth $16,000, one-half of which is $8,000. The fact that the sum paid by Lumbermen’s for the property damage to Eseray Veal’s automobile represented the full value of the damage sustained by this vehicle did not alter the judge’s opinion; perhaps, because he thought that, adding the two items together, Lumbermen’s still emerged paying a little less than one-half of the total, amount of damages to which Eseray Veal was entitled.
At any rate the lower court adopted the rationale of Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App.3d Cir. 1964), and opined that the effect of the restrictive release given by Eseray Veal to Lumbermen’s merely was to reduce her claim against the other unreleased and undischarged co-tort-feasor to one-half of her original claim. Under the present position of the Louisiana law [La.R.S. 9:291 (I960)]; Eseray Veal may not sue her husband, but the same prohibition does not prevail in regard to his insurer Dixie Auto Insurance Company [Smith v. So. Farm Bureau Cas. Ins. Co., 164 So.2d 647 (La. App.3d Cir. 1964]; and judgment was given against it in a suit which will be discussed hereinafter, Docket Number 8643 of this court. Since the judgment had already been given in favor of Eseray Veal against the unreleased co-tort-feasor both for bodily injuries and for property damage, the lower court denied Lumbermen’s third party petition for contribution from this unreleased co-tort-feasor. This judgment appears to be eminently correct and will be upheld.
In the suit of Eddie Thomas vs. The Stonewall Insurance Company, Lise Ho-tard, and Lumbermen’s Mutual Casualty Company, Docket Number 135,878 of the Nineteenth Judicial District Court, Docket Number 8642 of this Court, the Dixie Auto Insurance Company was added to as a party defendant by supplemental petition, *332 when it was discovered that it was the true insurer of Gilbert Veal, and not the Stonewall Insurance Company.
Prior to the trial Eddie Thomas died of causes unrelated to the accident, and his wife and children were substituted as proper parties plaintiff in this suit for the injuries sustained by Eddie Thomas, a passenger in the Veal automobile at the time of the accident, and based upon the negligence of both Gilbert Veal and Miss Ho-tard. Lumbermen’s Mutual Insurance Company admitted the negligence of its insured Miss Hotard and settled with the survivors of Eddie Thomas, receiving a full release, for the sum of $10,000.00, which was considered to be the full amount of their claim for all of Eddie Thomas’s injuries. Accordingly, the suit against Miss Hotard and Lumbermen’s was dismissed with prejudice at the costs of the defendant, but without prejudice to the third party demand.
Lumbermen’s Mutual Casualty Company meanwhile had filed a third party petition asking contribution from Gilbert Veal and his insurer Dixie Auto Insurance Company, as co-tort-feasors, for one-half of the amount it had paid the survivors of Eddie Thomas for his injuries. The lower court granted judgment in favor of Lumbermen’s Mutual Casualty Company as third party plaintiff, against Dixie Auto Insurance Company and Gilbert Veal in the amount of $4,999.97, with legal interest thereon and all costs.
Gilbert Veal and his insurer Dixie Auto Insurance Company appealed denying his liability on the basis of negligence contributing to the cause of the accident. For reasons set forth above this court has found Gilbert Veal contributorily negligent and solidarily liable for the injuries of Eddie Thomas resulting from the accident in question. Inasmuch as the other co-tort-feasor has already paid in full the claims of the heirs of Eddie Thomas, the judgment of the lower court, condemning Gilbert Veal and his insurer, Dixie Auto Insurance Company, to contribute to this award in the amount of one-half, or $4,999.97, will be upheld under the principles of Civil Code Article 2103, with legal interest thereon from the date of judicial demand until paid, and for all costs of this third party action.
In the suit by Lise Hotard versus Gilbert Veal and the Stonewall Insurance Company, Docket Number 139,795 of the Nineteenth Judicial District Court and Docket Number 8656 of this court, based upon the negligence of Gilbert Veal in the accident described above, the Dixie Auto Insurance Company was added as a party defendant by a supplemental petition, when it was discovered that it was the true insurer of Gilbert Veal.
Miss Hotard alleged the negligence of Gilbert Veal as the proximate cause of the accident in question and pleaded a lack of negligence on her own part. In the alternative she pleaded the doctrine of “Last Clear Chance.” She sued for personal injuries, loss of earnings, and damage to her automobile. Judgment was granted in the lower court dismissing Miss Hotard’s suit on the basis of her negligence contributing proximately to the cause of the collision between her automobile and that driven by Gilbert Veal on the early morning of February 25, 1969. Miss Hotard has appealed from that judgment, reiterating all earlier pleas. Gilbert Veal answered denying his own negligence.
The opinion of this court upholding the lower court in its finding of negligence, constituting a proximate cause of the accident on the part of Miss Hotard, is set forth above. It may be said additionally that Miss Hotard’s appellate argument in mitigation of her own negligence, to the effect that she proceeded onto 1-12 at an exceedingly slow rate of speed to remove herself as an object of danger on the approach ramp is without merit. Low visibility does not exonerate or justify her in positioning her automobile across two lanes of an interstate highway at approximately *333 2:00 A.M., on an unusually foggy night, instead of keeping as close as practicable to the right hand side of the road as required by L.R.S. 32:101(1). This Court holds Miss Hotard’s action to be unquestionably negligent.
Miss Hotard’s alternative plea of “last clear chance” is equally without merit. Under the facts and circumstances of this case, as set forth supra, defendant Gilbert Veal could not and did not see Miss Hotard’s automobile across the highway in time to avoid hitting it at the rate of speed at which he was traveling. The doctrine of last clear chance does not apply under these circumstances.
The judgment of the lower court dismissing Miss Hotard’s suit is correct and will be upheld.
In a suit numbered 140,150 of the Docket of the Nineteenth Judicial District Court, and 8643 of the Docket of this Court, Eseray Veal sued United Distributors, Inc., of New Orleans, the employer of Lise Hotard, and James Ratley, an employee of United Distributors, Miss Ho-tard’s immediate supervisor; the Stonewall Insurance Company, the alleged insurer of Gilbert Veal, for her injuries sustained in the collision between Miss Hotard and her husband Gilbert Veal. Eseray Veal alleged negligence on the part of Lise Hotard, and her employer. Alternatively she alleged the negligence of Gilbert Veal.
The lower court in its oral reasons for judgment noted that Mrs. Veal evidently had abandoned her contention that Lise Hotard was in the course and scope of her employment with United Distributors, Inc., at 2:00 A.M., or so, when the accident occurred. Defendants had charged plaintiff Eseray Veal with contributory negligence, but the lower court found that Mrs. Veal was not alarmed by her husband’s driving and was asleep or drowsing at the time of the accident, and did not interfere with his driving in any way.
The lower court found both Gilbert Veal and Lise Hotard guilty of negligence proximately causing the accident as explicated earlier. Mrs. Veal accepted a settlement in the total amount of $8,495 prior to trial and released Lumbermen’s Mutual Casualty Company, the insurer of Lise Hotard, which reduced her claims in this suit to those against Stonewall Insurance Company, the alleged insurer of her husband, Gilbert Veal, and Dixie Auto Insurance Company, the actual insurer of her husband.
The lower court found that Eseray Veal had sustained serious injuries in the aforesaid accident, receiving multiple lacerations. Her principal complaint was an in-tertrochanteric fracture of the right femur and rather severe contusions of the knee and lower leg. The treatment for these injuries consisted of open reduction, together with the use of an intramedullary nail, plate, and screws which had to be removed by a second operation on April 20, 1970. Mrs. Veal’s period of disability was estimated at nine to twelve months. After the second operation she was ascribed a twenty (20%) per cent disability of the right hip, plus a ten (10%) per cent disability of the right knee, based on sprain and ankylosis, which latter condition would be relieved by use and time. In view of these injuries and the resultant disabilities the lower court evaluated Mrs. Veal’s personal injuries at $16,000, using the award made in Mockosher v. City of Shreveport, 155 So. 2d 438 (La.App.2nd Cir. 1963) as a guide. The court noted that Dixie Auto Insurance Company, as the insurer of Gilbert Veal was liable in solido for one-half of this amount, but, that in view of the $5,000 per person policy limitation under which it had insured Gilbert Veal, it reduced the award against Dixie Auto Insurance Company to $5,000 personal injuries, plus one-half of the $995 property damage to the Veal automobile which it also found, or $497.50, making a total award against Dixie of $5,497.50, plus legal interest thereon and all costs.
*334 From this judgment Dixie Auto Insurance Company appealed denying negligence on the part of Gilbert Veal. Stonewall Insurance Company also asked that its name be removed from the judgment in this case inasmuch as it has shown clearly that it is not the insurer of Gilbert Veal.
For the same reasons set forth at considerable length above, this Court upholds the lower court in its finding of negligence on the part of Gilbert Veal and Lise Hotard. This Court finds the estimate of the lower court that the damages to Mrs. Veal amounted to the sum of $16,000 for her personal injuries and $995 for property damage to her automobile quite reasonable under the circumstances, and upholds the lower court in this decision.
This court also upholds the lower court in its judgment dismissing this suit against United Distributors, Inc., and James M. Ratley, inasmuch as plaintiff Eseray Veal did not prove any case against them.
This Court takes notice of the fact the record reflects that Stonewall Insurance Company is not a proper party to this suit and will reverse the judgment of the lower court holding Stonewall Insurance Company liable in solido with the Dixie Auto Insurance Company to Mrs. Eseray Veal, and dismiss the suit against it.
JUDGMENT IN NO. 8641.
In this case, the judgment of the trial court is affirmed at appellant Lumbermen’s costs.
Affirmed.
JUDGMENT IN NO. 8642.
For the reasons assigned above, the judgment of the lower court will be affirmed, and the costs of this appeal will be assessed against the appellants, Gilbert Veal and Dixie Auto Insurance Company.
Affirmed.
JUDGMENT IN NO. 8643.
For the reasons assigned above, the judgment of the lower court will be reversed insofar as it casts the defendant Stonewall Insurance Company and the suit against this defendant is dismissed; in all other respects the judgment of the trial court is affirmed at the costs of appellant Dixie Auto Insurance Company.
Judgment affirmed in part; reversed in part, and rendered.
JUDGMENT IN NO. 8656.
For the reasons assigned above, the judgment of the lower court will be affirmed at the costs of the appellant Lise Hotard.
Affirmed.