BLANCHE, Judge.
Plaintiff, Davidson Sash and Door Company, Inc., initially filed suit on open account against defendant, Contract Carpet and Supply, Inc. By supplemental and amending petition filed prior to answer, plaintiff joined as defendants Homer Lee d/b,/a Contract Carpet Company, to whom plaintiff averred it sold the merchandise on open account. In this same pleading plaintiff contended that Contract Carpet and Supply, Inc., was the transferee in bulk of the assets and property of Homer Lee d/b/a Contract Carpet Company, which transfer was not made in compliance with the Louisiana Bulk Sales Law, LSA-R.S. 9:2961, et seq., thereby rendering both defendants liable in solido to plaintiff.
Contract Carpet and Supply, Inc., filed answer in the form of a general denial, and further alleged the inapplicability of the *124 Louisiana Bulk Sales Act. Defendant, Homer Lee (who is shown by the record really to be “Homer Lee, Jr.”), also filed answer in the form of a general denial, and further filed a third party petition against G. J. Guirard, contending that third party plaintiff and third party defendant were partners in an enterprise known as “Contract Carpet,” with the result that third party plaintiff was entitled to claim any rights flowing from any remission of the debt between the plaintiff and third party defendant, and alternatively was entitled to recover from third party defendant his virile share of the obligation. Third party defendant, Gerald J. Guirard, filed answer to the third party demand, averring that on February 1, 1970, Homer Lee [Homer Lee, Jr.] purchased all of third party defendant’s interest in the business known as Contract Carpet Sales,” and expressly agreed to “hold Guirard . . . free and harmless from any or all liability whatsoever to any of the creditors, customers or employees of Contract Carpet Sales.”
The trial court rendered judgment in favor of defendants dismissing plaintiff’s suit and also dismissing the third party demand. The trial court reasoned that a letter dated April 8, 1970, addressed to Mr. G. J. Guirard and sent by plaintiff amounted to a remission of the debt insofar as G. J. Guirard was concerned, and inasmuch as G. J. Guirard was liable in solido with Homer Lee [Homer Lee, Jr.] as partners in the commercial partnership, the remission operated to release and discharge Homer Lee [Homer Lee, Jr.] as well, under the provisions of LSA-C.C. Art. 2203, there being no express reservation of rights by plaintiff against Homer Lee [Homer Lee, Jr.]. The trial court dismissed the suit against Contract Carpet and Supply, Inc., on the basis that plaintiff abandoned its claim against said defendant as the alleged bulk transferee. From this judgment plaintiff has appealed.
The record shows that on February 1, 1970, Gerald J. Guirard and Homer Lee, Jr., signed a notarized instrument entitled “Transfer of Interest in Company” which reads as follows:
“For and in consideration of the sale and transfer to Homer Lee, Jr. by Gerald J. Guirard of all of said Guirárd’s interest in and to that business known as ‘Contract Carpet Sales’, Baton Rouge, Louisiana, which transfer is made herewith and receipt of which is hereby acknowledged, said Lee hereby agrees to hold Guirard and Mid South Door Company, Inc. free and harmless from any or all liability whatsoever to any of the creditors, customers or employees of Contract' Carpet Sales.” (Guirard Exhibit No. 1)
The record further shows that Gerald J. Guirard is the owner of Mid-South Door Company, Inc., which was one of the principal Baton Rouge customers of plaintiff. Plaintiff’s salesman and manager of plaintiff’s Baton Rouge branch were aware of the fact that Gerald J. Guirard and Homer Lee, Jr., had terminated their business relationship and that Homer Lee, Jr., became the sole proprietor of Contract Carpet Sales, having assumed all of the obligations of the former partnership and having agreed to hold Gerald J. Guirard harmless therefor. Plaintiff had been doing business with Contract Carpet Sales for many months prior to February 1, 1970, on an open account basis, and plaintiff continued to deal with Contract Carpet Sales, that is, Homer Lee, Jr., following February 1, 1970, on an open account basis, until the latter’s credit deteriorated to the point where further business transactions were conducted on a C.O.D. basis.
The record contains a letter appearing on the stationery of Mid-South Door Company, Inc., dated March 6, 1970, addressed to plaintiff and signed by Gerald J. Guirard and by Mid-South Door Company, Inc., Gerald J. Guirard, President, the body of which letter reads as follows:
“This is to inform you that Gerald J. Guirard and/or Mid-South Door Company, Inc. are no longer associated with Contract Carpet Company and neither Gerald J. Guirard or [sic] Mid-South *125 Door Company, Inc. are [sic] responsible for any previously incurred or future obligations of Contract Carpet Company.” (Lee Exhibit No. 1)
Gerald J. Guirard testified that notwithstanding the fact that plaintiff had been advised previously of the termination of the business relationship between Gerald J. Guirard and Homer Lee, Jr., Gerald J. Guirard, in order to protect his credit, desired to confirm that situation in writing to the principal obligees of the former partnership; hence, the reason ’ for his writing the aforementioned letter.
It was either in response to this letter or a telephone conversation or both that Bill Wilkinson, manager of plaintiff’s Baton Rouge branch, wrote the following letter addressed to G. J. Guirard, which letter bears the date “April 8, 1970” [1]:
“This is to confirm our conversation of Monday, April 6th, that Mid South Door Comapny or G. J. Guirard is not obligated for the balance due Davidson Sash & Door Company, Inc. by Contract Carpet nor will Mid South Door Company or G. J. Guirard be responsible for purchases by Contract Carpet.
“This confirmation will become valid when I receive a letter from you stating that you no longer have any interest in Contract Carpet.” (Lee Exhibit No. 2)
The letter further shows thereon a carbon copy being sent as follows:
“cc Homer Lee
Contract Carpet
9454 South Choctaw Drive
Baton Rouge, Louisiana”
(Lee Exhibit No. 2)
The effect of the trial judge’s ruling is that notwithstanding the fact that Homer Lee, Jr., admittedly purchased or at least acquired all interest of Gerald J. Guirard in the business known as “Contract Carpet Sales” and agreed to hold Guirard free and harmless from any or all liability whatsoever to any of the creditors, customers or employees of Contract Carpet Sales, which agreement was formally consummated on February 1, 1970, nevertheless, plaintiff, which was fully aware of the fact that Homer Lee, Jr., was responsible for all obligations of Contract Carpet Sales, lost all rights to collect the money owed it on the account by virtue of plaintiff’s April 8, 1970, letter. We cannot subscribe to this obviously inequitable result, considering the particular facts of this case.
In construing plaintiff’s April 8, 1970, letter, consideration must be given to the actual intent of plaintiff in writing this letter to see whether plaintiff, indeed, intended any remission of the debt. Our review of the evidence convinces us that there was no such intent on the part of plaintiff, and, on the contrary, the letter constituted simply a recognitive and confirmatory act, consistent with the facts and knowledge possessed by plaintiff, that Homer Lee, Jr., had assumed all obligations of Contract Carpet Sales and agreed to hold Gerald J. Guirard harmless from any and all liability whatsoever to any creditors thereof.
We are satisfied that what indeed occurred in this case was a novation, whereby a new debtor, namely, Homer Lee, Jr., d/b/a Contract Carpet Sales was substituted for the old debtors, Homer Lee, Jr., and G. J. Guirard, who were discharged, Louisiana Civil Code Article 2189(2).[2] *126 This agreement was acceded to by defendant, Homer Lee, Jr., d/b/a Contract Carpet Sales, with whom plaintiff continued to conduct business on the open account following termination of the business relationship between Homer Lee, Jr., and Gerald J. Guirard on February 1, 1970, until August 25, 1970.
It has been held that the precursor to Louisiana Civil Code Article 2203 [3] can only be invoked when a creditor by discharging one co-debtor deprives the other co-debtor of his recourse against the one discharged, Lynch v. Leathers, 17 La.Ann. 118 (1865). Obviously, a debtor such as Homer Lee, Jr., who has assumed the liability of his co-debtor and agreed to hold such co-debtor harmless, does not need the benefit of Louisiana Civil Code Article 2203 and would, indeed, be the recipient of an inequitable windfall where a creditor, such as plaintiff in the instant case, with knowledge of the facts, writes a letter to the obligor whose liability has been assumed by the other debtor, confirming and recognizing the factual situation.
The amount of the account owed was stipulated at the trial to be $19,003.75. (Record, pp. 81, 82) For the foregoing reasons, the judgment of the trial court in favor of defendant, Homer Lee, Jr., and against plaintiff is. reversed, and judgment is rendered in favor of plaintiff, Davidson Sash and Door Company, Inc., and against defendant,' Homer"Lee, Jr., in the sum of $19,003.75, with legal interest thereon from date of judicial demand against that defendant (September 10, 1970) until paid and for all costs of these proceedings, both in the trial court and in the Court of Appeal. In all other respects the judgment of the trial court is affirmed.
Reversed in part, affirmed in part and rendered.

. In view of tlie fact that the body of this letetr makes reference to a conversation on Monday, April 6, 1970, which, in fact, coincides with the 1970 calendar, there seems little doubt that this letter is properly dated. The testimony of Mr. Wilkinson that the letter from Mid-South Door Company, Inc., was received on the same date, together with the “received” stamp bearing the date, “April 8, 1970,” appearing on the reverse side of Lee No. 1, indicates that the letter signed by Gerald J. Guirard was incorrectly dated “March 6, 1970” and should have been dated “April 6, 1970.”

. Louisiana Civil Code Article 2189:
“Novation takes place in three ways:

“2. When a new debtor is substituted to the old one, who is discharged by the creditor. . . . ”

. Louisiana Civil Code Article 2203:
“The remission or conventional discharge in favor of one of the eodebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.
“In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission.”