WATSON, Judge.
Associated Pipeline Contractors, Inc. has appealed from a summary judgment dismissing its third party demand.
Plaintiff, Lenix Duhon, Jr., filed this tort action on June 6, 1977, which named as defendants: Warren Hulin, individually and *DCI as administrator of the estate of his minor child, Don Hulin; Hulin’s liability insurer, Aetna Casualty & Surety Company; and plaintiff’s employer, appellant Associated. The suit alleged that Duhon was injured while riding in a bus owned by Associated which collided with a car driven by Don Hulin.
On October 14, 1977, Duhon, the Hulins and Aetna made a compromise, and a'judgment of dismissal was signed on October 20, 1977, which reserved Duhon’s rights against Associated.
On October 17, 1977, Associated filed an answer and third party demand seeking indemnification and/or contribution from the Hulins and Aetna.
On December 16, 1977, plaintiff Duhon filed an amending petition adding Commercial Union Assurance Company, liability insurer of Associated, as an additional defendant and asking, in the alternative, for workmen’s compensation from Associated. Judgment was signed on September 25, 1978, overruling an exception of prescription to this amending petition.
On December 26, 1978, a motion for summary judgment was filed on behalf of the Hulins and Aetna as to the third party demand of Associated. The Hulins and Aetna were dismissed from the litigation by summary judgment rendered on March 16 and signed on March 26, 1979.
Associated has appealed from the summary judgment.
The issue is whether Associated can maintain its third party demand against the Hulins and Aetna despite the compromise between those defendants and plaintiff.
As to the suit in tort, counsel for Associated concedes in brief that Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3 Cir. 1964) is controlling, and Associated is not entitled to contribution from the released cotort-feasors. Associated maintains that it still has a right to reimbursement from the Hulins and Aetna on Duhon’s compensation claim. However, that right was not asserted in Associated’s third party demand, which related only to the “main demand” in tort.
Associated argues that it should have been allowed to amend its third party demand to ask reimbursement of workmen’s compensation, and that the amendment should be retroactive to the original filing date. However, Associated did not file or attempt to file an amending petition. That issue is not before the court.
For the foregoing reasons, the summary judgment is affirmed. All costs of this appeal are taxed against appellant Associated.
AFFIRMED.