

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-12-00481-CV

Dr. Rudolph **THEOBALD**,
Appellant

v.

**MORRIS VENTURES, LLC**,
Appellee

From the 352nd District Court, Tarrant County, Texas
Trial Court No. 352-253807-11
Honorable Bonnie Sudderth, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Karen Angelini, Justice
    Patricia O. Alvarez, Justice
    Luz Elena D. Chapa, Justice

Delivered and Filed:  July 3, 2013

AFFIRMED

Appellant Dr. Rudolph Theobald appeals from a judgment against him in favor of Appellee Morris Ventures, LLC.  In his sole issue on appeal, Theobald argues that the trial court erred by failing to abate the entire suit upon Stephanie Janiak's notice of bankruptcy, and asserts that Morris Ventures's claims against all defendants, including himself, should have been stayed pending the bankruptcy hearing.  We affirm the trial court's judgment.

## BACKGROUND

Wingspan Chiropractic, Inc. occupied a commercial space in Morris Ventures's building, and Janiak and Theobald personally guaranteed Wingspan's performance under the lease. Morris Ventures sued Wingspan, Janiak, and Theobald for breach of the lease contract and breach of guaranty. Morris Ventures filed a motion for summary judgment seeking to establish joint and several liability as to each of the defendants under the lease and the individual guaranty agreements. In response to Morris Ventures's motion, Janiak filed a suggestion of bankruptcy, Theobald filed a third party petition against Janiak for contractual indemnity and contribution, and Wingspan did not respond. Morris Ventures withdrew its request for summary judgment as to Janiak and filed a motion to sever all claims against Janiak.

The trial court granted Morris Ventures's motion in an order stating that "all claims, in their entirety, asserted against Defendant Stephanie Janiak, including [Morris Ventures]'s claims against Defendant Janiak and Defendant Rudolph Theobald's claims against Defendant Janiak be severed." The severance order also stated that "[t]hose claims are to be made the subject of a separate suit, which is to be assigned its own docket number." After this severance, Morris Ventures's claims against Wingspan and Theobald remained.

The trial court rendered judgment in favor of Morris Ventures against Wingspan and Theobald, jointly and severally, in the amount of $89,799.19, and reasonable and necessary attorney's fees in the amount of $10,190.00 plus pre-judgment interest. Theobald appeals this judgment.

## BANKRUPTCY STAY

"When a defendant files a bankruptcy petition, an automatic stay goes into effect and abates any judicial proceeding against that party." *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 604 (Tex. 2000); *see* 11 U.S.C. § 362(a); *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711,

716 (5th Cir. 1985); *Beutel v. Dall. Cnty. Flood Control Dist., No. 1*, 916 S.W.2d 685, 692 (Tex. App.—Waco 1996, writ denied). The purpose of the automatic stay is "'to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse.'" *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quoting *GATX Aircraft Corp.*, 768 F.2d at 716); *accord Gulf States Petroleum Corp. v. Gen. Elec. Capital Auto Lease*, 134 S.W.3d 504, 508 (Tex. App.— Eastland 2004, no pet.). With limited exceptions, the stay ordinarily only applies to the debtor and does not operate "against parties other than the debtor, such as co-debtors, guarantors, sureties, or other non-debtor parties." *Beutel*, 916 S.W.2d at 692; *see Reliant Energy Servs., Inc.*, 349 F.3d at 825; *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 604. Furthermore, "[i]t is clearly established that the automatic stay does not apply to non-bankrupt co-defendants of a debtor 'even if they are in a similar legal or factual nexus with the debtor.'" *Seiko Epson Corp. v. Nu-Kote Int'l, Inc.*, 190 F.3d 1360, 1364 (Fed. Cir. 1999) (quoting *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991)); *see In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147 (5th Cir. 1987).

An exception sometimes arises "where the assets of the bankruptcy estate would be jeopardized in allowing court proceedings to proceed against the co-defendant." *Beutel*, 916 S.W.2d at 692; *Paine v. Sealy*, 956 S.W.2d 803, 807 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

> To be entitled to this exception, however, *the co-defendant must demonstrate* either that (1) there is such identity between the debtor and the co-defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor or that (2) extending the stay against the codefendant contributes to the debtor's efforts of rehabilitation.

*Beutel*, 916 S.W.2d at 692–93 (emphasis added); *accord Paine*, 956 S.W.2d at 807; *see also Reliant Energy Servs., Inc.*, 349 F.3d at 825. "An action taken in violation of the automatic stay

is void, not merely voidable." *Cont'l Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988); *Haun v. Steigleder*, 830 S.W.2d 833, 834 (Tex. App.—San Antonio 1992, no writ).

Here, in response to Morris Ventures's motion for summary judgment, Janiak filed a suggestion of bankruptcy. Janiak's suggestion of bankruptcy triggered an automatic stay against any judicial proceedings against her. *See* 11 U.S.C. § 362(a); *GATX Aircraft Corp.*, 768 F.2d at 716; *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 604; *Beutel*, 916 S.W.2d at 692. For Theobald, a non-debtor, non-bankrupt co-defendant, to benefit from Janiak's stay, he had to prove he was entitled to an exception. *See Seiko Epson Corp.*, 190 F.3d at 1364; *Reliant Energy Servs., Inc.*, 349 F.3d at 825; *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 604; *Beutel*, 916 S.W.2d at 692. Theobald offered no evidence and made no argument establishing that he was entitled to an exception. Therefore, the trial court was not precluded from proceeding on Morris Ventures's claims against Theobald and Wingspan. We overrule this point of error.

## CONCLUSION

Theobald failed to produce evidence establishing that he was entitled to the benefits of Janiak's automatic bankruptcy stay. Therefore, the trial court did not err in not abating Morris Ventures's claims against Theobald and Wingspan. We affirm the trial court's judgment.

Patricia O. Alvarez, Justice