NO. 2026-C-0010

COURT OF APPEAL, FOURTH CIRCUIT

STATE OF LOUISIANA

JOHN WAYNE DAIGLE, ET AL.

VERSUS

ANCO INSULATIONS, INC., ET AL.

IN RE:             EXXON MOBIL CORPORATION

APPLYING FOR: SUPERVISORY WRIT

DIRECTED TO:   HONORABLE ETHEL SIMMS JULIEN
               CIVIL DISTRICT COURT, ORLEANS PARISH
               DIVISION "N-8", 2021-09379

**WRIT GRANTED; REVERSED**

Relator/Defendant, Exxon Mobil Corporation ("Exxon"), seeks supervisory

review of the district court's December 4, 2025 Judgment denying Exxon's

Peremptory Exception of Prescription for Wrongful Death Claims asserted on May

30, 2025 by Plaintiffs/Respondents Pattie Daigle, Scott Daigle, Boyd Daigle, and

Tony Daigle ("Respondents"), statutory survivors of decedent John Wayne Daigle

("Mr. Daigle") who died on September 24, 2023.

Pursuant to this Court's *de novo* review,[1] we grant Exxon's writ application

and find that the district court erred in its judgment denying Exxon's Peremptory

Exception of Prescription. Therefore, we reverse the district court's ruling below.

Louisiana Civil Code article 2315.2 provides that a wrongful death action

prescribes one year from the date of death or two years from the day the injury or

---

[1] "When evidence is introduced but the case involves no dispute regarding material facts, only the determination of a legal issue, an appellate court must review the issue *de novo*, giving no deference to the trial court's legal determination." *Wright v. Touro Infirmary*, 2021-0324, p. 4 (La. App. 4 Cir. 7/7/21), 324 So. 3d 699, 702 (quoting *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 2017-0413, pp. 8-9 (La. App. 4 Cir. 11/15/17), 231 So. 3d 793, 800).

1

damage is sustained, whichever is longer. If an action has prescribed on its face, the burden shifts to the plaintiff to show that prescription was interrupted or suspended.

Here, Mr. Daigle first became aware of his mesothelioma on September 8, 2021. He and his wife, Pattie Daigle, filed their original petition for damages on November 17, 2021, claiming that his mesothelioma resulted from defendants' (including Exxon's) negligence. Mr. Daigle died of mesothelioma on September 24, 2023. Respondents filed their First Supplemental and Amending petition on May 30, 2025, substituting themselves as petitioners in a survival action on Mr. Daigle's behalf and a wrongful death action for their own damages suffered as a result of his death.

On April 27, 2023, before the scheduled trial (and Mr. Daigle's death), defendant Whittaker, Clark, and Daniels, Inc. ("Whittaker") filed a Notice of Suggestion of Bankruptcy and Notice of Automatic Stay of Proceedings. Respondents filed a motion to dismiss their claim against Whittaker without prejudice on January 3, 2025, which was granted on February 10, 2025. On April 30, 2025, more than a year after Mr. Daigle's death, Respondents filed a Motion to Lift Stay of Proceedings, praying, *inter alia*, for leave to amend their petition to substitute Mr. Daigle's successors as Plaintiffs. The district court granted Respondents' motion on May 1, 2025. Respondents subsequently filed their Amending Petition on May 30, 2025.

Based on La. C.C. art. 2315.2, Respondents' wrongful death claims prescribed one year from the date of Mr. Daigle's death, or on September 24, 2024. Seeing as Respondents did not file their wrongful death claims until May 30, 2025, Respondents' wrongful death claims had prescribed by the time they filed their First Supplemental and Amending Petition. At that point, the burden shifted to Respondents to show why prescription was interrupted or suspended.

2

The district court found that Respondents' wrongful death claims had not prescribed based on the doctrine of *contra non valentem*. This doctrine is a jurisprudential exception to prescription that suspends prescription and only applies in "exceptional circumstances." *Finley v. St. Christina PFU, L.L.C.*, 2023-0365, p. 5 (La. App. 4 Cir. 6/23/23), 368 So. 3d 1176, 1179 (citing *Carter v. Haygood*, 2004-0646, p. 11 (La. 1/19/05), 892 So. 2d 1261, 1268; *Renfroe v. State ex rel. Dept. of Transp. And Dev.*, 2001-1646, p. 9 (La. 2/26/02), 809 So. 2d 947, 953). The four categories of *contra non valentem* are:

> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
>
> (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the plaintiff from availing himself of his cause of action;
>
> (3) where the defendant himself has done some act effectually to prevent the plaintiff from availing himself of his cause of action; and
>
> (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.

*Bayou Fleet, Inc. v. Bollinger Shipyards, Inc.*, 2015-0487, pp. 12-13 (La. App. 4 Cir. 7/21/16), 197 So. 3d 797, 806 (citing *Wells v. Zadeck*, 2011-1232, pp. 8-9 (La. 3/30/12), 89 So. 3d 1145, 1150). In the instant case, the district court found that the first and second categories of *contra non valentem* applied. However, this finding was erroneous.

Regarding the first category, there is no evidence showing that the district court was prevented from acting due to any legal cause. Respondents cannot avoid the running of prescription by claiming that the automatic bankruptcy stay, occasioned by the filing of bankruptcy by Whittaker, resulted in a stay of the proceedings as to the other non-bankrupt defendants. The bankruptcy stay against

3

Whittaker had no effect on the claims pending against the other non-bankrupt defendants. Concerning automatic stays, 11 U.S.C. § 362(a)(1) provides:

> (a) . . . a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of–
>
>> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

Likewise, related jurisprudence specifies that an automatic stay applies only to the debtor, *i.e.*, the bankrupt party. For example, this Court has explained:

> We find further support for our position in the federal jurisprudence which holds that a stay in bankruptcy as to one defendant has no effect on claims pending against a co-defendant in the same suit. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir.1983); *GATX Aircraft [Corp.] v. M/V Courtney Leigh*, 768 F.2d 711 (5th Cir.1985). Accordingly, the plaintiff was never precluded from proceeding in the state action against the remaining defendants.

*Cambrie Celeste, LLC v. F.I.N.S. Const., LLC*, 2018-0459, p. 11 (La. App. 4 Cir. 9/26/18), 318 So. 3d 406, 413-14.

The Court's record does not include a separate order of the district court staying these proceedings, neither to Whittaker specifically nor to all defendants. Thus, the default rules apply; the stay only applied to Whittaker, and the district court was not prevented from acting due to any legal cause.

As for the second category of *contra non valentem*, Respondents were not prevented from availing themselves of their causes of action due to some condition coupled with or connected to the proceedings.

Though Respondents aver that they believed the entire case was stayed, a June 16, 2023 email from Respondents' counsel belies this argument. In response to a Notice of Remote Videotaped Deposition, counsel for defendants stated "[t]he

Court notified us that it has stayed this matter due to the filing of bankruptcy by defendant [Whittaker]. Until the bankruptcy is resolved neither these four fact witness depositions nor the depositions of [two others] can go forward." Respondents' counsel replied:

> If you are referring to the automatic stay triggered by [Whittaker's] suggestion of bankruptcy, that does not affect these depositions. **The stay does not extend to** third parties, such as a debtor's guarantors, affiliates, co-debtors, officers and principals, **co-defendants**, and partners (see *Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986); *Nevada Power Co. v. Calpine Corp.* (In re Calpine Corp.), 365 B.R. 401, 408 (S.D.N.Y. 2007); *Diocese of Rochester v. AB 100 Doe* (In re Diocese of Rochester), 2022 WL 1638966, at 4-5 (Bankr. W.D.N.Y. May 23, 2022)). But even assuming arguendo that the stay did extend to co-defendants in this context, it is standard course for depositions to proceed in the underlying case despite the unresolved bankruptcy.
>
> I am not aware of any court order in this case, or any case, written or otherwise, which stays the case such that we are precluded from proceeding with the depositions. Accordingly, we will plan to proceed with the depositions as noticed, and your client is welcome to participate if it wishes to do so.

(Emphasis added). This exchange demonstrates that Respondents knew the stay did not apply to Whittaker's other co-defendants, including Exxon. Therefore, Respondents could have amended their initial petition within the prescriptive period and prosecuted their claims against the remaining defendants.

Additionally, Respondents could have filed their Motion to Lift Stay of Proceedings within a year after Mr. Daigle's death to prosecute their wrongful death claims against the remaining defendants within the prescriptive period. Instead, here, Respondents filed their Motion to Lift Stay of Proceedings on April 30, 2025, over a year after Mr. Daigle's death. If Respondents knew they could move to lift the stay, as they eventually did on April 30, 2025, it is unclear why they did not do so within the prescriptive period which, gleaning from the aforementioned email, they indeed knew was running.

Even if there were a stay as to all defendants, such stay would not have interrupted or suspended prescription of Respondents' independent wrongful death claims. Respondents' wrongful death claims arose at the time of Mr. Daigle's death on September 24, 2023, after the filing of Whittaker's bankruptcy petition on April 26, 2023. Thus, any stay of the proceeding that encompassed the claims in the original November 17, 2021 petition would not apply to Respondents' wholly separate wrongful death claims that arose after Whittaker filed its bankruptcy petition.

Because no category of *contra non valentem* applies here, Respondents' wrongful death claims prescribed and must be dismissed.

In short, the automatic stay only applied to Whittaker. Even if there were a stay as to all defendants, Respondents could have brought their wrongful death claims; Mr. Daigle's death on September 24, 2023 was wholly separate from and arose after the claims subject to the stay that went into effect on April 26, 2023. Consequently, Respondents' wrongful death claims prescribed on September 24, 2024, and the doctrine of *contra non valentem* did not apply to interrupt or suspend the running of prescription. We reverse the ruling below to sustain Exxon's exception and dismiss Respondents' wrongful death claims with prejudice.

New Orleans, Louisiana this 4th day of March, 2026.


*RDJ*

_____
JUDGE RACHAEL D. JOHNSON


*DLD*

_____
JUDGE DANIEL L. DYSART


*DRB*

_____
JUDGE DENNIS R. BAGNERIS, *PRO TEM*