765 So.2d 994 (2000)
Abigail FARBE
v.
CASUALTY RECIPROCAL EXCHANGE, et al.
No. 00-C-0076.
Supreme Court of Louisiana.
July 6, 2000.
Richard P. Ieyoub, Attorney General, David Edwin Lafargue, Marksville, Counsel for Applicant.
John Taylor Bennett, Candyce Catherine Gagnard, Marksville, Counsel for Respondent.
MARCUS, Justice.[*]
This suit arises out of an automobile accident that occurred on July 21, 1991, when Abigail Farbe and Stephen Beaver were traveling in opposite directions around a sharp curve on Louisiana Highway 451 in Avoyelles Parish. Beaver, whose blood alcohol level was .17, lost control of his vehicle and entered Farbe's lane *995 of travel, causing a head-on collision. Beaver was killed instantly and Farbe sustained severe injuries.
Farbe brought a personal injury action against the estate of Stephen Beaver, his insurer, State Farm Mutual Automobile Insurance Company, the owner of the vehicle driven by Beaver, Charles K. Marionneaux, Jr., his insurer, Casualty Reciprocal Exchange, Farbe's uninsured/underinsured motorist carrier, Louisiana Indemnity Company, and the State of Louisiana, through the Department of Transportation and Development (DOTD). The parents of Stephen Beaver, Philip and Cynthia Beaver, were later added as defendants. DOTD filed third-party claims against the estate of Stephen Beaver, State Farm, and Casualty Reciprocal Exchange, seeking contribution and/or indemnity in the event DOTD was cast in judgment.
Before trial, Farbe received policy limits of $100,000 from Stephen Beaver's insurer, State Farm, and $25,000 from Charles Marionneaux's insurer, Casualty Reciprocal Exchange. In consideration of these payments she released Stephen Beaver, his estate, Philip and Cynthia Beaver, State Farm, Charles Marionneaux, Jr., and Casualty Reciprocal Exchange. She also received $9,900 from Louisiana Indemnity Company, her uninsured/underinsured motorist carrier, and $5,000 in medical benefits.
Trial proceeded against DOTD, the only remaining defendant. After a bench trial, the trial court found that DOTD shared responsibility for the accident due to the severity of the curve and the defective design of the highway where the accident occurred. The court further determined that Beaver was 80% at fault and DOTD was 20% at fault. Farbe's total damages award was $406,866.35. Following Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3d Cir.1964), the trial court granted DOTD a credit of 80% against the damages award because DOTD's right to contribution from Beaver's estate was prejudiced by plaintiff's settlement with the estate before trial. Accordingly, judgment was rendered in favor of Farbe and against DOTD in the amount of $81,373.27, which was 20% of the total damages award. Both Farbe and DOTD appealed this judgment.
The court of appeal affirmed the finding that DOTD was 20% at fault in causing the accident.[1] However, the court amended the judgment to hold DOTD liable in solido for 50% of the damages, or $203,433.00, pursuant to Civil Code article 2324(B) as it existed in 1991 and Touchard v. Williams, 617 So.2d 885 (La.1993). The court felt compelled to follow Touchard and find DOTD solidarily liable up to 50% despite plaintiffs settlement with Beaver. Upon DOTD's application, we granted certiorari "primarily to consider the solidarity issue."[2]
The sole issue under our consideration is whether DOTD is entitled to receive a credit against the judgment in accordance with the percentage of fault assigned to the released tortfeasor (80%) or whether DOTD is solidarily liable for 50% of the judgment.
Up until 1987, Louisiana law recognized complete solidary liability among joint tortfeasors such that any one of multiple tortfeasors could be compelled to pay the entire judgment. La. Civ.Code art. 2324 (1979); La. Civ.Code art. 1794 (1984); Joseph v. Ford Motor Co., 509 So.2d 1, 2 (La.1987); Reid v. Lowden, 192 La. 811, 815, 189 So. 286, 287 (1939); Cline v. Crescent City R.R. Co., 41 La. Ann. 1031, 1039-1040, 6 So. 851, 854-55 (1889). However, that year Civil Code article 2324 was amended to provide in pertinent part:
A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that *996 person for the damage caused by such act.
B. If liability is not solidary pursuant to Paragraph A, or as otherwise provided by law, then liability for damages caused by two or more persons shall be solidary, only to the extent necessary for the person suffering injury, death, or loss to recover fifty percent of his recoverable damages....
This court interpreted the 1987 amendment in Touchard v. Williams, 617 So.2d 885. After a thorough examination of the legislative history, we determined that the legislature intended to retain solidary liability among joint tortfeasors but cap each defendant's liability at 50% of the plaintiffs recoverable damages. Thus, a tortfeasor found to be minimally at fault would only be liable for half the judgment rather than the whole. The 1987 version of Civil Code article 2324 is applicable in this case because it was in effect in 1991 when plaintiffs accident occurred.[3]
The doctrine of contribution serves to mitigate the harsh effects of solidary liability by permitting a tortfeasor who has paid more than his share of a solidary obligation to seek reimbursement from the other tortfeasors for their respective shares of the judgment. La. Civ.Code art. 1804. The source of the right to claim contribution is subrogation to the plaintiffs rights against the remaining tortfeasors. Perkins v. Scaffolding Rental and Erection Serv., Inc., 568 So.2d 549, 551 (La.1990). Contribution rights are enforced by joining potential solidary co-obligors as third-party defendants. La. Civ. Code art. 1805.
When a plaintiff settles with and releases one of several joint tortfeasors, he deprives the remaining obligors of the right to contribution against the released obligor. Taylor v. United States Fidelity & Guar. Ins. Co., 630 So.2d 237, 239 (La. 1993); Harvey v. Travelers Ins. Co., 163 So.2d 915, 921-22 (La.App. 3d Cir.1964). As comment (c) to article 1805 explains, "[a]n obligor who has been released by his obligee is no longer an obligor and therefore cannot be made a third party." In other words, once a plaintiff releases one solidary obligor, the plaintiff has no further rights against that obligor to which a remaining obligor can be subrogated. Cunningham v. Hardware Mut. Cas. Co., 228 So.2d 700, 704 (La.App. 1st Cir.1969).
Accordingly, Civil Code articles 1803 and 1804 govern the effect of a plaintiffs settlement with one joint tortfeasor upon the rights of the remaining obligors. These articles provide in pertinent part:
Article 1803
Remission of debt by the obligee in favor of one obligor, or a transaction or compromise between the obligee and one obligor, benefits the other solidary obligors in the amount of the portion of that obligor.
Article 1804
Among solidary obligors, each is liable for his virile portion ... If the obligation arises from an offense or quasi-offense, a virile portion is proportionate to the fault of each obligor.
Long before the legislature capped solidary liability in 1987, Louisiana courts developed the rule, codified in article 1803, that a plaintiffs settlement with one solidary obligor reduces his recovery against the remaining obligors by the amount of the released obligor's portion of the debt. Taylor, 630 So.2d at 239; Harvey, 163 So.2d at 921-22. This court has consistently followed this settlement credit rule, although we have adjusted the method of reduction in response to the introduction *997 of the comparative fault system of tort liability. Taylor, 630 So.2d at 239. Before comparative fault, when the debt was divided equally among joint tortfeasors, the settlement credit was calculated in proportion to the total number of tortfeasors found to be solidarily liable. Wall v. Am. Employers Ins. Co., 386 So.2d 79, 85 (La. 1980); Canter v. Koehring Co., 283 So.2d 716, 727-28 (La.1973); Harvey, 163 So.2d at 921-22. Now, under article 1804 and comparative fault principles, judgments are reduced in proportion to the percentage of fault allocated to the released tortfeasor. Taylor, 630 So.2d at 239; Buckbee v. Aweco, Inc., 614 So.2d 1233, 1239 (La. 1993); Dill v. State of La., Dep't of Transp. and Dev., 545 So.2d 994, 997 (La. 1989). Importantly, a nonsettling tortfeasor is entitled to a reduction in the judgment only if he proves at trial that the released party was at fault and therefore solidarily liable. Steptoe v. Lallie Kemp Hosp., 93-1359, p. 11-12 (La.3/21/94), 634 So.2d 331, 337; Taylor, 630 So.2d at 239; Raley v. Carter, 412 So.2d 1045, 1046 (La. 1982).
There is no question that in this case plaintiff validly released the estate of Stephen Beaver as part of her settlement with the insurers. The remaining defendant, DOTD, successfully proved at trial that Beaver was 80% at fault in causing the accident. If there had been no settlement with Beaver, DOTD would have been solidarily liable for 50% of plaintiffs recoverable damages under 2324(B) and Touchard, but would have been entitled to seek contribution from Beaver's estate for the 30% of that liability that was properly Beaver's share. However, because plaintiffs settlement deprived DOTD of the right to enforce contribution against the estate, under articles 1803-04 the effect of the settlement was to reduce the amount of recoverable damages against DOTD by 80%. Under the old law of complete solidary liability, a proportionate credit would have been granted. The fact that DOTD's solidary liability was capped at 50% under article 2324(B) and Touchard does not alter DOTD's right to receive a settlement credit for Beaver's portion of the debt under articles 1803-04.
Plaintiff urges us to make an exception to articles 1803-04 when the released tortfeasor is insolvent. She contends that the rights of DOTD to seek contribution from Beaver's estate were not prejudiced by the settlement because evidence introduced at trial showed that the estate was insolvent.[4] There is simply no basis for such an insolvency exception in the language of articles 1803 or 1804 or in the long line of jurisprudence that has granted a settlement credit to nonsettling solidary obligors. Moreover, when plaintiff settled with Beaver's insurers and released his estate, she was fully aware that any judgment obtained against DOTD would be reduced by the percentage of fault allocated to Beaver at trial. See Moon v. City of Baton Rouge, 522 So.2d 117, 129 (La.App. 1st Cir.1987) (on second rehearing). Plaintiffs must weigh many uncertain factors in the settlement process, including how many tortfeasors will ultimately be held liable for their injuries, the degree of fault that each tortfeasor will bear, and their total amount of damages. Martha Chamallas, Comparative Fault and Multiple Party Litigation in Louisiana: A Sampling of the Problems, 40 La. L.Rev. 373, 394 (1980). If plaintiffs miscalculate these factors, and the amount they receive in settlement differs from the portion of damages ultimately attributed to the released tortfeasor at trial, they may either reap a windfall or suffer a loss. Taylor, 630 So.2d at 239 n. 9. Therefore, Louisiana courts do not look to the settlement *998 amount received by a plaintiff when determining the credit granted to the remaining solidary obligors. Taylor, 630 So.2d at 239; Joseph, 509 So.2d at 3. The net worth of the released obligor is similarly irrelevant to the calculation of the settlement credit.
Finally, we note that DOTD has raised as error the lower courts' factual finding that it was 20% at fault in plaintiffs accident. In granting the application for certiorari on the legal issue of DOTD's entitlement to a settlement credit, we did not intend to address this issue. Therefore, we will recall the writ as to this issue and deny the application insofar as it pertains to the allocation of 20% fault to DOTD. See Ruiz v. Oniate, 97-2412, p. 12 (La.5/19/98), 713 So.2d 442, 449; Sanders v. Zeagler, 96-1170, p. 6 (La.1/14/97), 686 So.2d 819, 823; Ledbetter v. Concord Gen. Corp., 95-0809, p. 8 (La.1/6/96), 665 So.2d 1166, 1171.

DECREE
For the foregoing reasons, the judgment of the court of appeal is reversed insofar as it amended the judgment of the trial court to cast DOTD solidarily liable for 50% of plaintiffs recoverable damages. The judgment of the trial court finding DOTD liable for 20% of the damages is reinstated. In all other respects, the writ is recalled and denied. All costs on appeal and in this court are assessed against plaintiff.
NOTES
[*] Knoll, J., not on panel, recused. Rule IV, Part 2, § 3.
[1] 99-341 (La.App. 3d Cir.10/27/99), 746 So.2d 228.
[2] XXXX-XXXX (La.3/17/00), 755 So.2d 890.
[3] In 1996, Civil Code article 2324 was amended again to abolish solidary liability among joint tortfeasors except in the case of intentional torts. We have held that this amendment worked a substantive change in the law and is subject to prospective application only. Aucoin v. State of La. through the Dep't of Transp. and Dev., 97-1938, p. 9-10 (La.4/24/98), 712 So.2d 62, 67. Therefore, the relevant version of article 2324 is that which existed at the time of the accident. Id.
[4] The only evidence of insolvency introduced at trial was the Affidavit of Death and Heirship filed in Stephen Beaver's succession proceedings, which showed that the estate had a negative balance of $2,328.99. We do not pass on the sufficiency of this evidence to prove insolvency because of our finding that insolvency is irrelevant to the issue presented in this case.