JjCOOKS, JUDGE.
ON REMAND
The Louisiana Supreme Court remanded this case instructing us to reconsider *1016 our original opinion in light of its recent holding in Farbe v. Casualty Reciprocal Exchange, 00-0076 (La.7/6/2000); 765 So.2d 994. We have carefully reviewed the holding in Farbe and find the relevant facts in that case are distinguishable from the present.
We are mindful that the sole issue in Farbe is identical to the one presented here, i.e., “whether DOTD is entitlement to receive a credit against the judgment in accordance with the percentage of fault assigned to the released tortfeasor or whether DOTD is solidarity liable for 50% of the judgment.” Farbe, 765 So.2d at 995. Except for the commonality of this issue, the cases are not at ah similar; and we are satisfied the holding in Farbe does not compel us to reverse the trial court’s judgment.
The Supreme Court, noting the salient facts in Farbe, stated:
If there had been no settlement with Beaver, DOTD would have been solidarity liable for 50% of plaintiffs recoverable damages under 2324(B) and Touch-ard, but would have been entitled to seek contribution from Beaver’s estate for the 30% of that liability that was property Beaver’s share. However, because plaintiffs settlement deprived DOTD of the right to enforce contribution against the estate, under article 1803-04 the effect of the settlement was to reduce the amount of recoverable damages against DOTD by 80%.
[[Image here]]
Moreover, when plaintiff settled with Beavor’s insurers and released his estate, she was fully aware that any judgment obtained against DOTD would be reduced by the percentage of fault allocated to Beaver at trial ...”
Those facts are not present in this case. As noted in our original opinion, unlike in Farbe, “[t]he State acknowledged it participated in the agreement,” though it contends “at most, [it] signed off on a fete accomplis.” And unlike the plaintiff in Farbe, nothing in this record even remotely suggests Lemaire was fully aware any _J¿judgment he obtained against DOTD would be reduced by the percentage of fault allocated to the Estate of Robert Harrington. Again, unlike the Farbe’s plaintiff, Lemaire does not urge that we make an exception to articles 1803-04 because, as a matter of fact, the Estate of Robert Harrington is insolvent and DOTD’s right of contribution ultimately was not prejudiced by the settlement. Moreover, unlike the plaintiff in Farbe, Lemaire did not unilaterally settle with Imperial Fire and Casualty Insurance Company and release Harrington’s estate.
We agree as the Supreme Court so aptly pointed out in Farbe “plaintiffs must weigh many uncertain factors in the settlement process, including how many tortfeasors will ultimately be held liable for their injuries, and the amount of damages.” But tortfeasors, who voluntarily decide to participate in the settlement process, ought not escape the res judicata effect of such compromises. Nothing in law or present jurisprudence prevents tortfeasors from relinquishing their right to demand contribution from each other. Counsel for the State acknowledged receiving an affidavit regarding the financial status of Estate of Robert Harrington, Jr. and relying on the attestation therein, he motioned the court to dismiss the plaintiffs petition and the State’s third party demand against Harrington’s estate, as well as, any other incidental demand with prejudice. Although a plaintiff may not rely on insolvency as grounds for raising an exception to 1803-04, a defendant tort-feasor is not barred from voluntarily agreeing to forego the right, thus afforded *1017 in these provisions, because of the insolvency of a co-tortfeasor. The record convinces us that is exactly what occurred in this ease in fact and by operation of the tews bearing on the effects of compromise, judgment, and merger.
For the foregoing reasons, we maintain our original holding in this case affirming the trial court’s judgment, assessing all costs against the State, and |3remanding the Motion to Intervene for hearing and disposition below.

JUDGMENT AFFIRMED; MOTION REMANDED.