STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-169


THE SWEET LAKE LAND AND OIL COMPANY, LLC

VERSUS

OLEUM OPERATING COMPANY, L.C., ET AL.


\*\*\*\*\*\*\*\*\*\*

ON REMAND FROM THE LOUISIANA SUPREME COURT

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2010-1272
HONORABLE DAVID RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

**REVERSED IN PART;**
**AFFIRMED AS AMENDED AND RENDERED.**
**REMANDED.**


Court composed of Elizabeth A. Pickett, John E. Conery, and Candyce G. Perret, Judges.

**Pickett, J., concurs in the result.**

**Guy E. Wall**
**Paul E. Bullington**
**Jonathan R. Cook**
**Sara M. Lewis**
**Wall, Bullington & Cook, LLC**
**540 Elmwood Park Boulevard**
**Harahan, Louisiana 70123**
**(504) 736-0347**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **The Sweet Lake Land and Oil Company, LLC**


**Alan J. Berteau**
**R. Benn Vincent, Jr.**
**Matthew B. Smith**
**Hattie V. Guidry**
**James Patrick Dore**
**Kean Miller, LLP**
**Post Office Box 3513**
**Baton Rouge, Louisiana 70821**
**(225) 387-0999**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Sohio Petroleum Company**
    **BP Exploration & Oil, Inc.**
    **BP Products North America, Inc.**


**Kelly B. Becker**
**Trinity A. Morale**
**Liskow & Lewis**
**701 Poydras Street, Suite 5000**
**New Orleans, Louisiana 70139**
**(504) 581-7979**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Sohio Petroleum Company**
    **BP Exploration & Oil, Inc.**
    **BP Products North America, Inc.**


**Paul Matthew Jones**
**Brian W. Capell**
**Liskow & Lewis**
**Post Office Box 52008**
**Lafayette, Louisiana 70505**
**(337) 232-7424**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **AKSM, L.C.**
    **Oleum Operating Company, L.C.**

**Thomas E. Balhoff**
**Judith R. E. Atkinson**
**Carlton Jones, III**
**Roedell Parsons Koch Blache Balhoff & McCollister**
**8440 Jefferson Hwy. Suite 301**
**Baton Rouge, Louisiana  70809-7652**
**(225) 929-7033**
**HEARING OFFICERS FOR:**
> **Louisiana Department of Natural Resources**


**Guillermo A. Iturralde**
**Hearing Officer**
**Louisiana Department of Natural Resources**
**Office of General Counsel**
**Post Office Box 94396**
**Baton Rouge, Louisiana  70804**
**(225) 342-2710**


**F. Jonathan Rice**
**John W. Adams**
**Louisiana Department of Natural Resources, Office of Conservation**
**Post Office Box 94275**
**Baton Rouge, Louisiana  70804**

**CONERY, Judge.**

## FACTS AND PROCEDURAL HISTORY

As discussed at length in this panel's initial consideration of this matter, Plaintiff Sweet Lake Land and Oil Company, LLC (Sweet Lake) filed this legacy oilfield litigation matter against British Petroleum corporate entities (BP) along with various other oilfield operators in 2010. *See Sweet Lake Land & Oil Co., LLC v. Oleum Operating Co., L.C.*, 21-169 (La.App. 3 Cir. 12/1/21), _ So.3d _.[1] Sweet Lake advanced tort and contract claims against the defendants and pursued regulatory remediation from BP in particular. Sweet Lake proceeded to trial against remaining defendants BP, Oleum Operating Company, L.C. (Oleum), and AKSM (AKSM) in 2015. The jury rejected Sweet Lake's claim for private damages against any of the operators and found BP to be solely responsible for environmental damage on the property.[2] The trial court referred the matter to the Louisiana Department of Natural Resources (LDNR) for development of a most feasible remediation plan pursuant to La.R.S. 30:29 (also referred to as Act 312). The trial court in turn issued an interim award of fees and costs pursuant to La.R.S. 30:29(E). On initial review, a majority of the panel affirmed those costs and fees. *Id.*

BP sought review from the Louisiana Supreme Court on the entirety of this court's opinion, including that portion of the opinion affirming the trial court's award of $5,330,479.11 in attorney fees, expert fees and costs. BP challenged the

---

[1] 2021 WL 5630004.

[2] After Sweet Lake appealed the dismissal of Oleum and AKSM, a panel of this court found that the jury erred in rejecting the breach of contract claims against the two operators. *See Sweet Lake Land & Oil Co., LLC v. Oleum Operating Co., L.C.*, 16-429 (La.App. 3 Cir. 3/8/17), _ So.3d _ (2017 WL 914767), *writ denied,* 17-1107 (La. 10/27/17), 228 So.3d 1224. The trial court thereafter conducted a trial on damages and found Oleum and AKSM liable for more than $12 million. That aspect of the Judgment has never been the subject of this appeal.

award insofar as it encompassed fees and costs that Sweet Lake incurred pursuing not only the remediation claim against BP, but also fees and costs Sweet Lake incurred in pursuing claims against succeeding oilfield operators, including AKSM and Oleum, for non-regulatory remedies outside of La.R.S. 30:29. BP further questioned this court's affirmation of the trial court's judgment to the extent it cast BP liable *in solido* for the attorney fees, expert fees, and costs and interest thereon with those succeeding oilfield operators.

The supreme court granted BP's writ application in part and remanded the matter to this court for determination and further consideration as follows:

> Writ granted in part. We remand to the court of appeal to determine what costs and fees were attributable to "producing that portion of the evidence that directly relates to the establishment of environmental damage." La.R.S. 30:29(E). We also remand to the court of appeal to reconsider the finding of solidary liability, when the attorney fees and costs were expressly authorized by statute against one defendant, but not by the others.

*Sweet Lake Land & Oil Co., LLC v. Oleum Operating Co., L.C.*, 22-00497, p. 1 (La. 9/20/22), 345 So.3d 1022, 1023.[3] After considering each directive, we reverse the trial court's judgment of July 28, 2020 in part as it relates to costs and fees and affirm the judgment as recast.

---

[3] Sweet Lake states in its brief on remand that the supreme court did not "reverse" this court's earlier ruling, but merely remanded for reconsideration. It cites jurisprudence supporting its position that this court can reaffirm its prior holding on reconsideration. *Citing Weatherly v. Fonseca & Assocs., LLC*, 11-1323 (La.App. 3 Cir. 06/06/12), 92 So.3d 1206, *writ denied*, 12-1577 (La. 10/12/12), 98 So.2d 875; *State, Dep't of Transp. & Dev. v. Lemaire*, 99-953 (La.App. 3 Cir. 3/7/01), 787 So.2d 1015, *writ denied*, 01-0948 (La. 6/1/01), 793 So.2d 194.

Sweet Lake's effort in this regard, however, merely points to a distinction without a difference for purposes of this court's review. Rather, we undertake the "determination" and the "reconsideration" ordered by the supreme court without favor or disfavor toward this court's earlier ruling.

**DISCUSSION**

*Louisiana Revised Statutes 30:29(E)*

The supreme court's initial direction on remand focuses entirely on costs and fees awardable under La.R.S. 30:29(E), which provides:

> (1) In any civil action in which a party is responsible for damages or payments for the evaluation or remediation of environmental damage, a party providing evidence, in whole or in part, upon which the judgment is based shall be entitled to recover from the party or parties admitting responsibility or the party or parties found legally responsible by the court, in addition to any other amounts to which the party may be entitled, all costs attributable to *producing that portion of the evidence that directly relates to the establishment of environmental damage,* including, but not limited to, expert witness fees, environmental evaluation, investigation, and testing, the cost of developing a plan of remediation, and reasonable attorney fees in the trial court and the department.

(Emphasis added.)  The supreme court thus directs this court to determine the costs and fees with an eye toward those attributable to the limited purpose of establishing "environmental damage," a defined term within La.R.S. 30:29.[4]

That direction is in line with BP's continuing argument that the trial court erred in awarding *all* attorney fees, expert fees, and costs incurred as of the time of the hearing.  BP has instead focused on the portion of La.R.S. 30:29(E)(1) now referenced by the supreme court and asserted that the award of fees and costs must be limited to those strictly attributable to "the establishment of environmental

---

[4] Louisiana Revised Statutes 30:29(I)(2) defines "environmental damage" as follows:

> "Environmental damage" shall mean any actual or potential impact, damage, or injury to environmental media caused by contamination resulting from activities associated with oilfield sites or exploration and production sites.  Environmental media shall include but not be limited to soil, surface water, ground water, or sediment.

The statute, in turn, defines "contamination" as "the introduction or presence of substances or contaminants into a usable groundwater acquifer, an undergound source of drinking water (USDW) or soil in such quantities as to render them unsuitable for their reasonably intended purposes." La.R.S. 30:29(I)(1).

damage," the referral to LDNR, and the resulting remediation process. BP maintains

that such limitation is in keeping with the statutory objective of La.R.S. 30:29, which

is to ensure the remediation of "environmental damage" and to do so without subsidy

of private landowner claims. BP further points out that La.R.S. 30:29(E)(1) provides

for attorney fees incurred only "in the trial court and the department." We address

these two arguments in turn.

Recoverable Fees and Costs - Scope

On remand, we note La.R.S. 30:29's stated purpose. Louisiana Revised

Statutes 30:29(A) provides:

> The legislature hereby finds and declares that Article IX, Section 1 of
> the Constitution of Louisiana mandates that the natural resources and
> the environment of the state, including ground water, are to be
> protected, conserved, and replenished insofar as possible and consistent
> with the health, safety, and welfare of the people and further mandates
> that the legislature enact laws to implement this policy. *It is the duty of
> the legislature to set forth procedures to ensure that damage to the
> environment is remediated to a standard that protects the public
> interest. To this end, this Section provides the procedure for judicial
> resolution of claims for environmental damage to property arising from
> activities subject to the jurisdiction of the Department of Natural
> Resources, office of conservation.*

(Emphasis added.) By its own terms, La.R.S. 30:29 is targeted to the legislatively

provided remediation measures arising from activities subject to LDNR's

jurisdiction.

Following review in light of the supreme court's direction and given the

emphasized language within La.R.S. 30:29(A), we thus conclude that the trial

court's award to Sweet Lake for fees and costs incurred for prosecution of claims

outside the establishment of environmental damage and the statutory remediation

available under La.R.S. 30:29 was in error. We therefore reverse the trial court's

July 28, 2020 judgment to the extent it cast judgment against BP for *all* attorney

fees, expert fees, and costs incurred as of the time of the hearing. Rather, that award must be limited to those fees and costs incurred in the trial court and in the LDNR in pursuit of establishing environmental damages and the remediation thereof prescribed by La.R.S. 30:29.

Expert Fees and Related Costs

In recasting the judgment, we note that the evidentiary record regarding attorney fees, expert fees, and costs consists of testimony and documentary evidence introduced into the record at contradictory hearings conducted before the trial court on February 15, 2017 and on June 19, 2020. Given the context of La.R.S. 30:29 and the attendant definition of "environmental damage" supplied by La.R.S. 30:29(I)(2), we amend the trial court's award of fees and costs to those incurred by Sweet Lake in its successful pursuit of the establishment of environmental damages and the remediation of that damage.

We first consider fees and costs associated with Plaintiff's expert witnesses. Following review of the evidence developed by the parties at the time of the June 2020 hearing on the setting of attorney fees and costs, and as represented by counsel's respective affidavits, we amend the judgment and award the following fees and costs associated with the work of Mark Moore of Approach Environmental and those associated with the work of Perry Evans of Terra-Solve. Mr. Moore and Mr. Evans identified environmental damage as it related to BP's operations and presented the trial court with a plan addressing the contamination of soil and water as identified. BP recognizes and admits that recovery of fees and costs associated with the work of Mr. Moore and Mr. Evans is recoverable. Sweet Lake's summary of fees and costs, included in the Second Supplemental Affidavit of Attorney Guy E. Wall filed at the time of the June 19, 2020 hearing, indicates that Sweet Lake

5

incurred statutorily recoverable expenses in the amount of $1,245,751.46 associated with the work of Mr. Moore[5] and $100,606.49 associated with the work of Mr. Evans.[6]

Sweet Lake further seeks an award for the fees and costs related to Dr. Paul Templet and Charles Norman, asserting that both testified regarding environmental damage and BP's liability therefor. BP disputes that assertion, contending instead that Dr. Templet's testimony was confined to potential bases for the recovery of private damages, whereas Mr. Norman's work and testimony were exclusively dedicated to the attempted recovery of Sweet Lake's private damages. Following review, we find it appropriate to award the fees and costs of both experts.

BP accurately explains that both Dr. Templet and Mr. Norman provided testimony regarding Sweet Lake's private claims. However, both experts testified as to the foundational environmental damage originating from BP's practices central to Sweet Lake's claim for statutory remediation against BP under La.R.S. 30:29. Further, although some of their testimony was derivative of or redundant to that of Mr. Moore and Mr. Evans, La.R.S. 30:29(E)(1) contains no limitation to recovery of those fees and costs. The statutory provision instead speaks to recovery of fees and costs "attributable to producing that portion of the evidence that directly relates to the establishment of environmental damage[.]" *Id.* Assessing that evidence on review, we conclude that, like Mr. Moore and Mr. Evans, both Dr. Templet and Mr.

---

[5] Sweet Lake reported that it incurred expenses in the full amount of $1,807,769.22 for Mr. Moore's work. However, $562,017.76 of that overall figure was attributable to Mr. Moore's work performed in Sweet Lake's case against AKSM and Oleum. Thus, via Mr. Wall's affidavit and attached invoices, Sweet Lake incurred expenses associated with Mr. Moore's remaining work in the amount of $1,245,751.46.

[6] Sweet Lake reported that it incurred expenses in the amount of $207,015.06 for Mr. Evans' work. Excising $106,408.57 of that overall figure as it related to AKSM and Oleum, Sweet Lake incurred expenses associated with Mr. Evans' remaining work in the amount of $100,606.49.

Norman offered testimony indicating that BP's early operations on Sweet Lake's property caused environmental damage and was thus directly related to establishing the presence of environmental damage on Sweet Lake's property and, in turn, fees for that work are recoverable under La.R.S. 30:29(E)(1). Accordingly, we award those fees in the amount of $60,016.19 for the work of Dr. Templet and $53,854.25 for the work of Mr. Norman.[7]

The judgment we recast below reflects a total award in favor of Sweet Lake and against BP in the amount of $1,469,228.39 for expenses associated with expert witnesses and related costs.

Attorney Fees and Related Costs

Turning to the award of attorney fees, we similarly consider only those fees and expenses incurred in pursuit of the establishment of environmental damage and proposed remediation claims. Notably, the transcript of the June 2020 hearing reflects that BP conceded the reasonableness of the hourly rates charged by Sweet Lake's counsel. BP maintains that position in its brief to this court on remand, and we are not further concerned with the reasonableness of those fees.

As it did with expert fees and costs, Sweet Lake provides a summary of attorney fees and costs incurred up through the time of the June 2020 hearing on the motion to set fees and costs. Mr. Wall's affidavit and attachment reflect that, after fees attributable to Oleum and AKSM are excised, Sweet Lake incurred attorney fees in the amount of $2,473,111.21 for work provided by the Wall, Bullington, and Cook, LLC law firm and $8,487.02 for work provided by The Sanchez Law Firm, both through July 28, 2020, the date of the trial court's judgment. Moreover, Sweet

_____

[7] As with the awards made for the work of Mr. Moore and Mr. Evans, both figures are made by reference to Mr. Wall's second supplemental affidavit.

7

Lake further incurred $134,362.82 in court and court-related costs. Below, we therefore award a total of $2,615,961.05 in attorney fees and costs to Sweet Lake payable by BP.

Recoverable Fees and Costs - Duration

In its brief to this court on remand, BP suggests that the fees and costs awarded should not include fees and costs incurred through trial. BP instead maintains that the award should be reduced to an amount "which excludes all charges for work performed ***after*** February 2014, when Sweet Lake rejected BP's offer to implement the same remediation plan that the jury ultimately accepted." BP thus suggests that "Sweet Lake is not entitled to recover the costs for mediation, trial presentation and other trial-related costs through May 27, 2015, included in the amount awarded by the Trial Court." Given its suggested end point of February 2014, BP maintains that Sweet Lake be awarded "no more than $2,576,977.79 for fees and costs pursuant to La.R.S. 30:29."

BP's position, however, does not account for the specific wording of La.R.S. 30:29(E)(1) (emphasis added) which provides for fees and costs as follows:

> In any civil action in which a party is responsible for damages or payments for the evaluation or remediation of environmental damage, a party providing evidence, in whole or in part, *upon which the judgment is based shall be entitled to recover from the party or parties admitting responsibility or the party or parties found legally responsible by the court,* in addition to any other amounts to which the party may be entitled, all costs attributable to producing that portion of the evidence that directly relates to the establishment of environmental damage, including, but not limited to, expert witness fees, environmental evaluation, investigation, and testing, the cost of developing a plan of remediation, and reasonable attorney fees incurred in the trial court and the department.

Accordingly, the provision under consideration anticipates a "judgment" as well as either an admission of responsibility or a finding of responsibility by the court. The

July 28, 2020 judgment under review only resulted after a full jury trial in May 2015, not after BP's initial offer of remediation.

We similarly find no merit in BP's position that it cannot be cast in judgment for attorney fees and related costs incurred *after* the May 2015 trial. While the trial resulted in a finding of BP's responsibility for environmental damage, La.R.S. 30:29(E)(1) provides for the recovery of "costs attributable to producing that portion of the evidence that directly relates to the establishment of environmental damage, *including, but not limited to*, expert witness fees, environmental evaluation, investigation, and testing, *the cost of developing a plan of remediation, and reasonable attorney fees incurred in the trial court and the department*." (Emphasis added.) In this case, the record reflects, and BP acknowledges in its brief to this court, that proceedings have been ongoing in the LDNR and that the trial court has not yet approved a final Most Feasible Plan. In short, we find the trial court correctly included fees and costs through July 28, 2020, the date of the trial court's judgment.

Further, the ongoing nature of the work in both the trial court and the LDNR undermines BP's final suggestion that this court should delete all reference in the trial court's July 28, 2020 judgment indicating that "Sweet Lake has the right to seek additional attorneys' fees, expert fees and costs incurred hereafter in connection with this case or the proceedings before the Louisiana Department of Natural Resources to develop a final plan of mediation." Rather, the trial court expressly recognized the lengthy and multifaceted nature of the proceedings in the LDNR and trial court. The trial court therefore correctly accounted for the fact that Sweet Lake has continued and will continue to incur fees and expenses for additional work in both the trial court and the department. We maintain that ruling here and likewise recognize that the trial court has not yet approved a Most Feasible Plan, as

9

acknowledged by BP in its brief on remand. Sweet Lake therefore has the right to seek further fees and costs under La.R.S. 30:29(E)(1) as incurred following the trial court's July 28, 2020 judgment.

*Solidary Liability for Fees and Costs*

The supreme court's final instruction to this court on remand is for reconsideration of "the finding of solidary liability, when the attorney fees and costs were expressly authorized by statute against one defendant, but not by the others." *Sweet Lake*, 345 So.3d at 1023. By the supreme court's direction as to the scope of the fees and costs available, addressed above, it is now apparent all available costs must arise due to the remedy provided by La.R.S. 30:29. Thus, as BP has been found responsible for the entirety of the remediation available under La.R.S. 30:29, it follows that BP, alone, must be cast in judgment for the fees and costs attributable to the environmental damage underlying the remedy of La.R.S. 30:29(E). This result follows a number of precepts.

First, La.Civ.Code art. 1796 provides that "[s]olidarity of obligation shall not be presumed." Rather, "[a] solidary obligation arises from a clear expression of the parties' intent or from the law." *Id.* As stated, La.R.S. 30:29(E)(1) provides the basis in law for the fees and costs awarded, limiting the award to those "costs attributable to producing that portion of the evidence that directly relates *to the establishment of environmental damage*[,]" a defined term within the same statutory provision. (Emphasis added.). BP, alone, was found responsible for that "environmental damage" and, thus, La.R.S. 30:29 does not obligate Oleum and AKSM for either the underlying statutory remediation or the fees and costs required thereunder. Moreover, while Oleum and AKSM assumed contractual duties to restore the Sweet Lake property to a higher level, the contracts did not obligate them

10

to undertake the statutory remedial measure of La.R.S. 30:29 or to incur those expenses.

BP points out in its brief to this court that La.Civ.Code art. 1797 provides that an obligation may be solidary even though it derives from a different source for each obligor. In this case, however, the parties do not share an obligation. BP, alone, has the obligation of remediation under La.R.S. 30:29, as well as attendant fees and costs provided thereunder, whereas Oleum and AKSM have contractual obligations. Oleum and AKSM owe a separate contractual obligation as well as fees and costs attendant thereto. The obligations thus differ and cannot be said to be solidary. Louisiana Civil Code Article 1794 provides that "[a]n obligation is solidary for the obligors when each obligor is liable for the whole performance." In this case, Oleum and AKSM are not responsible for the performance of the remediation required of BP, the responsible party under La.R.S. 30:29, nor, of course, the resulting statutory attorney fees and costs to enforce that obligation against BP. Any obligation owed by Oleum and AKSM for fees and costs operates outside of the source of BP's responsibility and obligation.

Further, with regard to attorney fees, the supreme court has explained that "Louisiana courts have long held that attorney's fees are not allowed except where authorized by statute or contract." *Sher v. Lafayette Ins. Co.*, 07-2441, p. 18 (La. 4/8/08), 988 So.2d 186, 201. *See also Langley v. Petro Star Corp. of La.*, 01-0198 (La. 6/29/01), 792 So.2d 721; *Sharbano v. Steve Lang & Son Loggers*, 97-0110 (La. 7/1/97), 696 So.2d 1382. As an award of an attorney fee is a type of penalty, such an award is meant to discourage a type of behavior rather than make an injured party whole. *Langley*, 792 So.2d 721. Louisiana Revised Statutes 30:29 provides the sole

authority for the award of fees and costs in this case, and the trier of fact has determined that BP is the sole party responsible for the remedy.

It is of course BP's actions and "behavior" in this case which brought Sweet Lake's complaint within the scope of La.R.S. 30:29. Thus, given the supreme court's direction and La.R.S. 30:29's targeted purpose, liability for the fees and costs Sweet Lake incurred in its pursuit of its contractual claims against Oleum and AKSM in the award rendered against BP is inappropriate. In this light, the ordered award herein rightly acts as a penalty for BP's behavior, not as an instrument for making Sweet Lake whole due to its overall expenditure. *See Langley*, 792 So.2d 721.

Simply, fees and costs incurred in the pursuit of damages against Oleum and AKSM are not provided for by La.R.S. 30:29 under these circumstances as recognized by the supreme court in its direction to "reconsider the finding of solidary liability, when the attorney fees and costs were expressly authorized by statute against one defendant, but not by the others." *Sweet Lake*, 345 So.3d at 1023. Having done so, we reverse the trial court's judgment of July 28, 2020 to the extent it cast BP liable *in solido* with Oleum and AKSM.

As reflected in the amended judgment below, BP, alone, is cast in judgment for the attorney fees, expert fees, costs, and interest awarded below under La.R.S. 30:29.

## DECREE

For the foregoing reasons, the July 28, 2020 judgment of the trial court in favor of The Sweet Lake Land and Oil Company, Limited Liability Company and against BP Products North America, Inc., BP Exploration & Oil, Inc., BP Exploration, Inc., in the amount of $5,330,479.11 in attorney fees, expert fees and

12

costs is reversed in part. The July 28, 2020 judgment is further reversed to the extent it cast BP liable, *in solido*, with AKSM, L.C. and Oleum Operating Company, L.C.

Judgment is herein entered in favor of The Sweet Lake Land and Oil Company, Limited Liability Company and against BP Products North America, Inc., BP Exploration & Oil, Inc., BP Exploration, Inc., for $4,085,189.44 in attorney fees, expert fees and costs consisting of $1,469,228.39 in expert fees and costs and $2,615,961.05 in attorney fees and costs, with legal interest on said attorney fees, expert fees, and costs from date of the trial court's July 28, 2020 judgment until paid. The Judgment is affirmed as amended and remanded to the trial court for further proceedings consistent with this opinion, reserving to The Sweet Lake Land and Oil Company, Limited Liability Company authoritiy to file with the trial court such further motions to assess fees and costs incurred since July 28, 2020, the date of judgment, as may be appropriate.

Court costs on remand, only, are assigned to Plaintiff/Appellee The Sweet Lake Land and Exploration Company, Limited Liability Company. All other court costs in the trial court and on appeal are assigned to BP Products North America, Inc., BP Exploration & Oil, Inc., BP Exploration, Inc.

**REVERSED IN PART;**
**AFFIRMED AS AMENDED AND RENDERED.**
**REMANDED.**